UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES MASIH, INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PERRIGO COMPANY PLC., MURRAY S. KESSLER, RONALD L. WINOWIECKI,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. _____<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>Jury Trial Demanded |

　　　　Plaintiff Charles Masih ("Plaintiff"), by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief as to all other matters, based upon the investigation conducted by and through his attorneys, which included, among other things, a review of documents filed by Defendants (as defined below) with the United States Securities and Exchange Commission (the "SEC"), news reports, press releases issued by Defendants, and other publicly available documents, as follows:

**NATURE AND SUMMARY OF THE ACTION**

　　　　1.　　This is a federal securities class action on behalf of all investors who purchased or otherwise acquired Defendant Perrigo Company plc. ("Perrigo" or the "Company") common stock between November 8, 2018 and December 20, 2018, inclusive (the "Class Period"). This action is brought on behalf of the Class for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

　　　　2.　　Perrigo purports to be a global healthcare supplier that develops, manufactures, and distributes healthcare products.

{00298095 }

3. During the Class Period, and unbeknownst to investors, Perrigo misled investors by way of an SEC filing on November 8, 2018. On that date, Perrigo disclosed the existence of an audit finding letter from the Irish tax authorities without disclosing material details associated with the letter.

4. The truth was revealed to the market on December 20, 2018, when Perrigo issued a Form 8-K disclosing that the Company had received an audit finding letter from the Irish tax authorities on October 30, 2018, asserting "that IP sales transactions… including the sale of Tysabri®, were not part of the trade of Elan Pharma and therefore should have been treated as chargeable gains subject to an effective 33% tax rate, rather than the 12.5% tax rate applicable to trading income." The revelation of this news caused Perrigo shares to fall almost 30%.

## JURISDICTION AND VENUE

5. The federal law claims asserted herein arise under §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, as well as under the common law.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and § 27 of the Exchange Act, 15 U.S.C. § 78aa.

7. This Court has jurisdiction over each Defendant named herein because each Defendant is an individual or corporation who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1931(b). Perrigo's stock trades on the New York Stock Exchange ("NYSE"), and many of the acts charged herein, including the dissemination of materially false and misleading information, occurred in substantial part in this District.

9. In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the NYSE, a national securities exchange.

**PARTIES**

10. Plaintiff Charles Masih is an individual residing in the City of Germantown, in the State of Maryland. Plaintiff acquired and held shares of the Company at artificially inflated prices during the Class Period and has been damaged by the revelation of the Company's material misrepresentations and material omissions.

11. Defendant Perrigo Company plc is an Irish-registered manufacturer. The Company's stock trades on the NYSE under the ticker symbol "PRGO".

12. Defendant Murray S. Kessler ("Kessler") has been the President and Chief Executive Officer of Perrigo since October 8, 2018.

13. Defendant Ronald L. Winowiecki ("Winowiecki") has been the Chief Financial Officer of Perrigo since February 20, 2018. Prior thereto, he served as the Acting Chief Financial Officer of Perrigo since February 2017.

14. Collectively, Kessler and Winowiecki are referred to throughout this complaint as the "Individual Defendants".

15. The Individual Defendants, because of their positions at the Company, possessed the power and authority to control the content and form of the Company's annual reports, quarterly reports, press releases, investor presentations, and other materials provided to the SEC, securities analysts, money and portfolio managers and investors, *i.e.*, the market. The Individual Defendants authorized the publication of the documents, presentations, and materials alleged herein to be misleading prior to its issuance and had the ability and opportunity to prevent the

{00298095 }

issuance of these false statements or to cause them to be corrected. Because of their positions with the Company and access to material non-public information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public and that the positive representations being made were false and misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

16. The Class Period begins on November 8, 2018, when Perrigo filed its Form 10-Q for the period ended September 29, 2018, which stated in pertinent part:

> On October 31, 2018, we received an audit finding letter from the Irish Office of the Revenue Commissioners ("Irish Revenue") for the years under audit 2012-2013. The audit finding letter relates to Elan's taxation of the 2013 sale of the Tysabri® intellectual property and other assets related to Tysabri® to Biogen Idec from Elan. The consideration paid by Biogen to Elan took the form of an upfront payment and future contingent royalty payments. We disagree with the Irish Revenue position as asserted in the audit finding letter and intend to contest it, and therefore **the amount of adjustments, if any, that may ultimately be asserted by the Irish Revenue cannot be quantified at this stage**. The amount of any future assessment could be material.

[Emphasis Added]

17. Each of statements identified above were materially false and misleading when issued.

18. Pursuant to the Sarbanes-Oxley Act of 2002, the Individual Defendants signed certifications with the November 8, 2018 10-Q attesting that they reviewed the report, that it does not contain untrue statements, that it fairly represents the financial condition of the company, and that the company's internal controls are effective.

19. The truth was revealed on December 20, 2018, when Perrigo filed a form 8-K which stated in pertinent part:

> **On October 30, 2018**, two **months** before the expiry of the applicable five year statutory limitation period, **Irish Revenue issued an audit findings letter** to Elan Pharma asserting the claim (a) that IP sales transactions by Elan Pharma, including the sale of Tysabri®, were not part of the trade of Elan Pharma **and therefore should have been treated as chargeable gains subject to an effective 33% tax rate, rather than the 12.5% tax rate applicable to trading income**, and (b) that all amounts received in respect of both the Tysabri® transaction and the related transaction entered into with RPI Finance Trust in 2017 should be taxed in Elan Pharma's 2013 tax year.

[Emphasis Added].

20. Following the filing of this form 8-K with the SEC, Perrigo's stock price fell drastically, from $52.36 at close on December 20, 2018 to $37.03 at close on December 21, 2018, a drop of more than 29%.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all persons and entities who purchased or otherwise acquired Perrigo common stock between October 30, 2018, and December 20, 2018, inclusive. Excluded from the Class are Defendants, directors and officers of the Company, as well as their families and affiliates.

22. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. More than 116,716,000 Perrigo shares trade on the NYSE.

23. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

   a. Whether the Exchange Act was violated by Defendants;

   b. Whether Defendants omitted and/or misrepresented material facts;

    c. Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

    d. Whether Defendants knew or recklessly disregarded that their statements were false and misleading;

    e. Whether the price of the Company's stock was artificially inflated; and

    f. The extent of damage sustained by Class members and the appropriate measure of damages.

24. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct alleged herein.

25. Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interests that conflict with those of the Class.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FRAUD ON THE MARKET

27. Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine that, among other things:

    a. Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

    b. The omissions and misrepresentations were material;

    c. The Company's common stock traded in efficient markets;

    d. The misrepresentations alleged herein would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

    e.   Plaintiff and other members of the class purchased the Company's common stock between the time Defendants misrepresented or failed to disclose material facts and the time that the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

28.    At all relevant times, the markets for the Company's stock were efficient for the following reasons, among others: (i) the Company filed periodic public reports with the SEC; and (ii) the Company regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the major news wire services and through other wide-ranging public disclosures such as communications with the financial press, securities analysts, and other similar reporting services. Plaintiff and the Class relied on the price of the Company's common stock, which reflected all information in the market, including the misstatements by Defendants.

## NO SAFE HARBOR

29.    The statutory safe harbor provided for forward-looking statements under certain conditions does not apply to any of the allegedly false statements pleaded in this Complaint. The specific statements pleaded herein were not identified as forward-looking statements when made.

To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.

## LOSS CAUSATION

30.    On December 20, 2018, following the filing of the form 8-K, Perrigo's shares fell from $52.36 at close on December 20, 2018 to $37.03 at close on December 21, 2018, a drop of more than 29%.

## CAUSES OF ACTION

### Count I
### Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder
### (Against All Defendants)

31. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

32. During the Class Period, Defendants disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

33. Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 in that they (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon those who purchased or otherwise acquired the Company's securities during the Class Period.

34. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for the Company's common stock. Plaintiff and the Class would not have purchased the Company's common stock at the price paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

### Count II
### Violation of § 20(a) of the Exchange Act
### (Against The Individual Defendants)

35. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

36.     The Individual Defendants acted as controlling persons of the Company within the meaning of § 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions at the Company, the Individual Defendants had the power and authority to cause or prevent the Company from engaging in the wrongful conduct complained of herein. The Individual Defendants were provided with or had unlimited access to the documents where false or misleading statements were made and other statements alleged by Plaintiffs to be false or misleading both prior to and immediately after their publication, and had the ability to prevent the issuance of those materials or to cause them to be corrected so as not to be misleading.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     determining that this action is a proper class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class as defined herein, and a certification of Plaintiff as class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff's counsel as Lead Counsel;

(b)     awarding compensatory and punitive damages in favor of Plaintiff and the other class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including pre-judgment and post-judgment interest thereon;

(c)     awarding Plaintiff and other members of the Class their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

(d)     awarding Plaintiff and the other Class members such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action of all issues so triable.

Dated: January 3, 2018

Respectfully submitted,

**FINKELSTEIN BLANKINSHIP
FREI-PEARSON & GARBER LLP**
D. Greg Blankinship
445 Hamilton Ave, Suite 605
White Plains, NY 10601
Tel: 914-298-3281
Fax: 914-824-1561
Gblankinship@fbfglaw.com

*Local Counsel for Plaintiff*

Additional Counsel:

**BLOCK & LEVITON LLP**
Jeffrey C. Block, jeff@blockesq.com
Jacob A. Walker, jake@blockesq.com (*pro hac vice* motion to be filed)
Nathaniel Silver, nate@blockesq.com (*pro hac vice* motion to be filed)
155 Federal Street, Suite 400
Boston, Massachusetts 02110
(617) 398-5600 phone
(617) 507-6020 fax

{00298095 }