UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-CV-70 (DLC)<br><br>**STIPULATION AND [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action (the "Action") is likely to involve the disclosure of confidential information, the Parties[1] having agreed to the following terms, and having due regard to the submission by the Parties regarding the need for protection of confidential information, it is hereby **ORDERED** as follows:

**I.      Information That May Be Designated Confidential**

1.     Any Party to this litigation and any non-party, as described in paragraph 5, shall have the right to designate as "Confidential," and subject to this Discovery Confidentiality Order (the "Order"), any "Information," including, but not limited to, any document, electronic or computerized data compilation, deposition testimony or exhibit, interrogatory response, response to requests for admission, or any other materials, or portion of such Information that the party reasonably and in good faith believes contains:

      a. Information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; or

      b. Any documentation containing "personal data" as defined in Article 4(1) of the European General Data Protection Regulation (2016/679).

Such designated Information is hereinafter "Confidential Information."

---

[1] The "Parties" are plaintiffs City of Boca Raton General Employees' Pension Plan and Palm Bay Police and Firefighters' Pension Fund and defendants Perrigo Company plc, Murray S. Kessler, and Ronald L. Winowiecki. Any additional party that joins or intervenes in this Action shall be bound by this Order and shall be deemed a "Party" in accordance with this Order.

2. Any copies or reproductions, excerpts, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information shall also be Confidential Information in accordance with this Order.

3. Information that has previously been disclosed or is otherwise available through alternative public means, Information that is in the public domain (which is already known by the receiving party through proper means), or Information which is or becomes available to a party through proper means from a source other than the party asserting confidentiality and who rightfully is in possession of such Information on a non-confidential basis shall not be deemed or considered to be Confidential Information under this Order.

**II.    Designation of Discovery Materials as Confidential**

4. Information may be designated as Confidential by any Party or by any non-party that has produced such Confidential Information within the meaning of this Order. A Party can designate Information as Confidential that has been produced by any Party or by any non-party.

5. A non-party from whom Information is sought by the Parties may designate Information as Confidential consistent with the terms of this Order. Under such circumstances, Information designated Confidential by such non-party is assigned the same protections as Information designated Confidential by a Party and all duties applicable to a Party shall apply to such non-party designating Information as Confidential. All obligations applicable to a Party receiving such Confidential Information from another Party shall apply to any Party receiving such Confidential Information from a non-party.

6. Any Party to this litigation or any non-party covered by this Order who produces or discloses any Confidential Information shall mark the same with the foregoing or similar

legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." The Parties shall determine how such designation be made for electronically stored information.

7. Any Party to this litigation, and any non-party covered by this Order who produces or discloses any Confidential Information, shall have the right to designate as "Highly Confidential" and subject to this Order any Information that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating Party. Any Party to this litigation, and any non-party covered by this Order, who produces or discloses any Highly Confidential Information, shall mark the same with the foregoing or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Highly Confidential Information"). The Parties shall determine how such designation be made for electronically stored information.

8. The Parties agree in good faith to use the "Highly Confidential" designation sparingly, and only as they deem absolutely necessary to protect their most sensitive information.

9. This Order does not govern the use of Confidential Information or Highly Confidential Information at trial. Prior to trial, the Parties shall meet and confer on the use of Confidential Information and Highly Confidential Information at trial, and shall address procedures governing such use in the proposed pre-trial order.

### III. Permissible Uses of Confidential Information

10. All Confidential Information shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for

any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 11, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court.

11. Confidential Information shall be disclosed only to the following individuals under the following conditions:

a. Attorneys of record in this Litigation, outside counsel (herein defined as any attorney at the Parties' outside law firms), relevant in-house counsel for the Parties, regular employees of such attorneys, including secretarial staff, paralegals, duplicating and data processing personnel, and any contract or temporary attorneys retained or hired by outside counsel for purposes of discovery in this litigation;

b. Outside experts or consultants retained by a Party or a Party's counsel in connection with this action (herein "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. The Court and any appellate court to which this lawsuit is appealed and personnel of any such court;

d. Mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court;

e. Deponents in this action, provided that such persons are not allowed to retain any documents or other material containing Confidential Information, and potential witnesses, whose deposition has been noticed and who signed

the form attached hereto as Exhibit A, except that the following categories of deponents shall not be required to sign Exhibit A in order to view Confidential information during a deposition:

(1)   Current or former officers, employees or directors of the producing party;

(2)   Individuals (including Rule 30(b)(6) deponents) represented, for purposes of their deposition, by counsel for the producing party, or by counsel for a party to this litigation that has a joint interest in this litigation with the producing party; and

(3)   Original authors or recipients of the Confidential material.

In the event that a deponent otherwise required to sign Exhibit A in order to view Confidential material refuses to do so, the deponent shall not be shown the Confidential material and the deponent's deposition shall not be considered complete until the deposing party has had an opportunity to raise and resolve the issue with the Court.

f.   Litigation support and electronic discovery vendors, copy services, data entry, and computer support services retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to: court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to Confidential Information; and

  g. The Parties, including in the case of Parties that are corporations or other business entities, the executives or individuals who participate in decisions with reference to this lawsuit, and any insurance carriers, or their representatives, whose insurance coverage is implicated by or who are paying defense costs associated with this litigation.

12. Confidential Information shall be used only by individuals permitted access to it under Paragraph 11. Confidential Information shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the Party or non-party asserting confidentiality waives the claim of confidentiality; or (b) the Court orders such disclosure.

13. Unless otherwise allowed by agreement of the Parties or by order of the Court, material produced and marked as Highly Confidential may be disclosed only to:

  a. Attorneys of record in this Litigation, outside counsel (herein defined as any attorney at the Parties' outside law firms), two relevant in-house counsel representatives for each Party, regular employees of such attorneys, including secretarial staff, paralegals, duplicating and data processing personnel, and any contract or temporary attorneys retained or hired by outside counsel for purposes of discovery in this litigation;

  b. Outside experts or consultants retained by a Party or a Party's counsel in connection with this action (herein "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  c. The Court and any appellate court to which this lawsuit is appealed and personnel of any such court, provided that any Party filing Highly

      Confidential information with any such court will make their best efforts to have the Highly Confidential information sealed by the court;

d. Mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court;

e. Deponents in this action, provided that such persons are not allowed to retain any documents or other material containing Highly Confidential Information, and potential witnesses, whose deposition has been noticed and who signed the form attached hereto as Exhibit A, except that the following categories of deponents shall not be required to sign Exhibit A in order to view Highly Confidential information during a deposition:

    (1) Current or former officers, employees or directors of the producing party;

    (2) Individuals (including Rule 30(b)(6) deponents) represented, for purposes of their deposition, by counsel for the producing party, or by counsel for a party with a joint interest in this litigation with the producing party; and

    (3) Original authors or recipients of the Highly Confidential material.

    In the event that a deponent otherwise required to sign Exhibit A in order to view Highly Confidential material refuses to do so, the deponent shall not be shown the Highly Confidential material and the deponent's deposition shall not be considered complete until the deposing party has had an opportunity to raise and resolve the issue with the Court.

      f.  Litigation support and electronic discovery vendors, copy services, data entry, and computer support services retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to Confidential Information; and

      g.  Such other persons as counsel for the producing Party agrees in advance or as Ordered by the Court.

14.    With respect to any deposition that involves a disclosure of Confidential Information or Highly Confidential Information, such Party shall have until thirty (30) days after receipt of the deposition transcript to inform all other Parties that portions of the transcript are to be designated Confidential or Highly Confidential. This period may be extended by agreement of the Parties. No deposition transcript containing Confidential Information shall be disclosed to any individual other than the individuals described in Paragraph 11 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 11above during said thirty (30) days. No deposition transcript containing Highly Confidential Information shall be disclosed to any individual other than the individuals described in Paragraph 13 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 13 above during said thirty (30) days. Upon being informed that certain

portions of a deposition are to be designated as Confidential or Highly Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 10 through 13.

15. To the extent that any Party is not permitted (whether by contract, rules of an arbitral forum, agreement that led to the submission of a dispute to an arbitral forum, or otherwise) to produce Confidential Information or Highly Confidential Information sought by another Party in discovery in the above-captioned action without a court order or other legal requirement to produce the Information in question, this Order shall constitute the requisite court order or other legal requirement mandating the production of that Information; provided, however, that the producing Party shall mark any such Information as "Confidential" or "Highly Confidential," as applicable, in accordance with the terms of this Order; and provided further that the producing Party shall only produce such Information to the extent that such production is required by the Federal Rules of Civil Procedure.

16. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, that Party must: (a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Information may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has

obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

17. Nothing in this Order shall prevent a producing person from using Confidential Information or Highly Confidential Information that the producing person produced in any way the producing party so chooses.

### IV.   Challenges to Confidential or Highly Confidential Designations

18. In the event that counsel for a Party deems it necessary to disclose any Confidential Information to any person not contemplated in Paragraph 11, or Highly Confidential Information to any person not contemplated in Paragraph 13, counsel shall make a request to counsel for the producing Party or non-party in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential Information or Highly Confidential Information may move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made until such motion is decided in favor of the movant.

19. If a Party objects to the designation of a document as Confidential or Highly Confidential under this Order, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating Party or designating non-party a written objection to such designation, which shall describe with particularity the documents or Information in question and

        shall state the grounds for objection. Counsel for the designating Party or non-party shall respond in writing to such objection within 5 business days, and shall state with particularity the grounds for asserting that the Information is Confidential or Highly Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to designation of Confidential Information or Highly Confidential Information cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the Court initially by letter-motion, in accordance with Local Civil Rule 37.2 and Judge Cote's Individual Practices in Civil Cases § 2.C, before filing a formal motion for an order regarding the challenged designation. The Information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The burden of proving that the Information is entitled to such Confidential or Highly Confidential designation shall be on the designating Party or non-party.

20. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.2 and the Electronic Case Filing rules. The parties will use their best efforts to minimize such sealing.

21. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information or Highly Confidential Information that could have been

designated as such, regardless of whether the Information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim to confidentiality, either as to the specific Information disclosed or as to any other Information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by a written notification provided within a reasonable time after disclosure to counsel for all Parties and non-parties to whom the material was disclosed. Such notice shall constitute a designation of the Information as Confidential or Highly Confidential under this Order.

22. When the inadvertent or mistaken disclosure of Information protected by any privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), as appropriate. Such inadvertent or mistaken disclosure of such Information shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity provided that the producing party complied or complies with the provisions of Rule 502(b) of the Federal Rules of Evidence. The parties also agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of privileged materials in this action is not a waiver of the privilege in any other federal or state proceeding. Nothing herein, however, restricts the right of the receiving party to challenge the producing person's claim of privilege if appropriate after receiving notice of the inadvertent or mistaken disclosure. The disclosing Party or non-party shall retain the burden of establishing the privileged or protected nature of any inadvertently disclosed Information.

V. **Miscellaneous**

23. This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

24. This Order shall survive the termination of this action, and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

25. Within sixty (60) days of the conclusion of this litigation, each Party and non-party subject to the terms hereof shall be under an obligation to assemble and return to the originating source or destroy all Confidential or Highly Confidential Information, should such source so request. Any material that constitutes attorney work product, including excerpts, summaries, and digests containing Confidential or Highly Confidential Information need not be returned and need only be destroyed upon a request by the source of such Confidential or Highly Confidential Information. Counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a Party or non-party requests the return or destruction of Confidential or Highly Confidential Information from the Court or any appellate court after the conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, that Party or non-party shall file a motion seeking such relief.

**SO ORDERED.**

Dated: 3/17/2020

_____
DENISE COTE
United States District Judge

**AGREED TO BY:**

Date: March 13, 2020
By: *s/ Samuel P. Groner*
**FRIED, FRANK, HARRIS, SHRIVER, & JACOBSON LLP**

Samuel P. Groner
Samuel M. Light
One New York Plaza
New York New York 10004
Tel: (212) 859-8000
samuel.groner@friedfrank.com
samuel.light@friedfrank.com

James D. Wareham (admitted *pro hac vice*)
James E. Anklam (admitted *pro hac vice*)
801 17th Street, Northwest
Washington, D.C. 20006
Tel: (202) 636-7000
james.wareham@friedfrank.com
james.anklam@friedfrank.com

*Counsel for Defendant*
*Perrigo Company plc*

Date:
By:
**SAXENA WHITE P.A.**

Steven B. Singer
Kyla Grant
Joshua H. Saltzman
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com
jsaltzman@saxenawhite.com

Maya Saxena
Joseph E. White, III
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, Florida 33433
Tel: (561) 394-3399
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Lead Counsel for Plaintiffs*

Date: 3/13/20  (C.T.)
By: Shannon McGovern
**SIMPSON THACHER & BARTLETT LLP**

Joseph M. McLaughlin
Shannon K. McGovern
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
jmclaughlin@stblaw.com
smcgovern@stblaw.com

*Counsel for Defendant Murray S. Kessler*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**

Robert D. Klausner
7080 Northwest 4th Street
Plantation, Florida 3317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Plaintiffs*

Date:
By: *Hector Gonzalez*
**DECHERT LLP**

Hector Gonzalez
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
hector.gonzalez@dechert.com

Angela Liu (admitted *pro hac vice*)
35 West Wacker Drive
Suite 3400
Chicago, IL 60601
Tel: (312) 646-5816
angela.liu@dechert.com

***Counsel for Defendant***
***Ronald L. Winowiecki***

21590196

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-CV-70 (DLC)<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____ (print or type name), being duly sworn, state that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order annexed hereto and so Order by the Court, and I agree to be fully bound by all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential or Highly Confidential Information disclosed to me.

6. I will limit use of Confidential or Highly Confidential Information disclosed to me solely for purpose of this action.

7. No later than the conclusion of the case, I will return all Confidential or Highly Confidential Information that has come into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.

2

8. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Discovery Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[Name]

Sworn to before me this
\_\_\_\_ day of _____ 2020

_____
        Notary Public

2