```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
IN RE: PERRIGO COMPANY PLC SECURITIES    :      19cv70 (DLC)
LITIGATION                               :
                                         :           ORDER
---------------------------------------- X
```

DENISE COTE, District Judge:

On June 26, 2020, plaintiffs filed a motion for issuance of letters rogatory. On July 6, defendant Perrigo Company PLC ("Perrigo") filed a memorandum of law in opposition to the motion for issuance of letters rogatory, insofar as the proposed letters would request testimony from Ireland's Office of the Revenue Commissioners ("Irish Revenue") or its employees. On July 9, plaintiffs filed a new version of the proposed letters rogatory, revised as to form. The same day, plaintiffs filed an accompanying letter motion to seal portions of the revised letters. On July 13, plaintiffs filed a reply memorandum of law in support of the portion of the letters rogatory that would seek testimony from Irish Revenue.

Whether to issue letters rogatory is within the district court's discretion. In exercising this discretion, the district court should be attentive to the "demands of comity," taking into account such factors as:

> (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the

>    information originated in the United States; (4) the
>    availability of alternative means of securing the
>    information; and (5) the extent to which noncompliance
>    with the request would undermine important interests
>    of the United States, or compliance with the request
>    would undermine important interests of the state where
>    the information is located.

Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 544-46 & n.28 (1987) (citation omitted). "Both the issuance and enforcement of letters rogatory by U.S. and foreign courts rest entirely upon the comity of courts toward each other, and customarily embody a promise of reciprocity." Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp. 2d 769, 777 (S.D.N.Y. 2012) (citation omitted).

Having considered the factors above, the Court declines to issue the proposed letters rogatory to Irish Revenue or its employees. Information that is in the possession of Irish Revenue but that was not conveyed to Perrigo is of limited importance to this litigation. Plaintiffs may of course discover -- directly from Perrigo -- relevant communications that the company received from Irish Revenue. Further, the scope of discovery that a U.S. court should seek to obtain from a foreign government entity should be carefully examined. After all, the discovery a court may compel from our own federal government is more limited than that available from a private

2

litigant.  See, e.g., In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 190 (2d Cir. 2004).  It is highly doubtful whether the Internal Revenue Service could be compelled to give testimony for use in a foreign proceeding under analogous circumstances.  Accordingly, the Court will not ask an Irish court to compel such testimony from Irish Revenue.  It is hereby

ORDERED that plaintiffs shall file by **July 21** a revised version of the proposed letters rogatory that does not seek discovery from Irish Revenue or its employees.

IT IS FURTHER ORDERED that plaintiffs' July 9 motion to seal is GRANTED.

Dated:   New York, New York
         July 16, 2020

```
                                  _____
                                        DENISE COTE
                                  United States District Judge
```