**SAXENA WHITE**

10 Bank Street  |  8th Floor  |  White Plains, NY 10606

November 30, 2020

**VIA ECF**

MEMO ENDORSED

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      RE:    *In re Perrigo Company plc Sec. Litig.*,
               Case No. 19-CV-70-DLC (S.D.N.Y.)

Dear Judge Cote:

      We represent Lead Plaintiffs in the above-captioned Action and write to request that the Court re-issue the letters rogatory previously issued on July 24, 2020 (the "Letters Rogatory") as to non-party Jim Clery of KPMG Ireland. We have met and conferred with counsel for Defendants, who do not oppose this request.

      On July 24, 2020, the Court issued Plaintiffs' Letters Rogatory seeking testimony and documents from various non-party individuals identified by Defendants as possessing information relevant to this action, including Mr. Clery. Before Plaintiffs made their application to the Irish High Court to execute the Letters Rogatory, Defendants objected to the application on the basis that the non-parties' names in the Letters Rogatory—which would be filed as a court document in Ireland—constituted "confidential" information under the stipulated Discovery Confidentiality Order in this action, and requested that Plaintiffs either file the Letters Rogatory under seal or file a redacted version of the Letters Rogatory with the Irish High Court. In response, Plaintiffs informed Defendants that their Irish counsel had advised them that the Irish High Court would be unlikely to grant the application if the non-parties' names in the Letters Rogatory were redacted, and that the Irish High Court does not allow filing documents under seal except in extraordinary circumstances. However, Plaintiffs further informed Defendants that the issue was essentially moot because: (i) based on Plaintiffs' review of Defendants' document productions to-date, Plaintiffs had determined that Mr. Clery is the most relevant individual named in the Letters Rogatory such that they intend to seek discovery from him alone and are unlikely to seek discovery from the other non-parties unless later deemed necessary; and (ii) Mr. Clery's name and role with regard to this action was already made public via the Irish High Court's recent public decision rejecting Defendants' appeal of Irish Revenue's nearly $2 billion tax assessment against Perrigo that is the subject of Plaintiffs' claims.[1]

---

[1]*See* https://www.courts.ie/acc/alfresco/86dfd10f-9923-44ec-9e6b-ffa8bcb0ef1c/2020_IEHC_552.pdf/pdf#view=fitH at ¶ 152 (identifying "Mr. Jim Clery (the partner in KPMG who acted on behalf of EPIL in relation to tax matters and tax returns)" and quoting an affidavit filed by Mr. Clery); *id.* at ¶¶ 154-58, 212, 227-28.

Hon. Denise L. Cote
November 30, 2020
Page 2

      After meeting and conferring on the issue, Defendants agreed that Mr. Clery's name and role is no longer confidential due to the Irish High Court's decision. However, Defendants have maintained their claim of confidentiality over the names of the other non-parties listed in the Letters Rogatory, such that Plaintiffs are unable to submit the current Letters Rogatory without including redactions that the Irish High Court is unlikely to accept. Accordingly, and in the spirit of compromise with Defendants, Plaintiffs respectfully request that Your Honor issue an amended letters rogatory requesting testimony and related documents only from Mr. Clery. Plaintiffs have attached a proposed amended letters rogatory as Exhibit A.

      Plaintiffs reserve the right to seek additional evidence from Irish non-parties if they determine it to be necessary at a later time, and do not concede that identities and roles of the other individuals identified by Defendants are in fact confidential. Plaintiffs have agreed to treat that information as confidential solely for purposes of compliance with the Confidentiality Order in this case and in the spirit of compromise with Defendants.

Respectfully submitted,

*/s/ Steven B. Singer*

Steven B. Singer
Kyla Grant
Joshua H. Saltzman
**SAXENA WHITE P.A.**
10 Bank Street, 8th Floor
White Plains, NY 10606
Tel: (914) 437-8551
Fax: (888) 631-3611
ssinger@saxenawhite.com
kgrant@saxenawhite.com
jsaltzman@saxenawhite.com

> Granted. The letters rogatory of July 24, 2020 may be reissued. 12.4.20.
>
> _/s/ Denise Cote_
> DENISE COTE
> United States District Judge

cc:    All counsel of record (via ECF)

FLORIDA   |   NEW YORK   |   CALIFORNIA   |   DELAWARE
www.saxenawhite.com

# EXHIBIT A

Case 1:19-cv-00710-DLC Document 157 Filed 12/04/20 Page 3 of 13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-cv-70 (DLC) |

**[PROPOSED] LETTERS ROGATORY TO THE HIGH COURT OF IRELAND,**
**INNS QUAY, DUBLIN 7, IRELAND**
**RE REPRESENTATIVE OF KPMG IRELAND**

The United States District Court for the Southern District of New York, Honorable Denise L. Cote, presents its compliments to the High Court of Ireland and requests international judicial assistance pursuant to the Foreign Tribunals Evidence Act 1856 and Order 39, Rules 39-44 of the Rules of the Superior Courts 1986, to obtain the testimony of the individual listed below (in his capacity as an employee, partner, or executive of the entity listed below), which has knowledge of matters described herein, for use in the determination of the civil proceedings pending before the District Court.

**I.** **Sender**

> The Honorable Denise L. Cote
> United States District Judge
> Southern District of New York
> Daniel Patrick Moynihan
> United States Courthouse
> 500 Pearl Street
> New York, New York 10007-1312

**II.** **Central Authority of the Requested State**

> Master of the High Court
> Central Office of the High Court of Ireland
> Four Courts
> Ground Floor (East Wing)
> Inns Quay
> Dublin 7
> HighCourtCentralOffice@courts.ie

1

**III.    Person to Whom the Executed Request is to be Returned**

Steven B. Singer, Esq.
Saxena White, P.A.
10 Bank Street, 8th Floor
White Plains, New York 10606

**IV.    Specification of the Date by which Requesting Authority Requires Receipt of the Response to the Letters Rogatory**

By December 18, 2020, or as soon as reasonably practicable consistent with the Authorities' calendar.

**V.    a.  Requesting Judicial Authority**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**b.  To the Competent Authority of**

The High Court of Ireland

**c.  Name of the Case and any Identifying Number**

*In re Perrigo Company PLC Securities Litigation*
Case No.: 19-cv-70 (DLC)

**VI.    Names and Addresses of the Parties and Their Representatives**

**a. Lead Plaintiffs**

City of Boca Raton General Employees' Pension Plan
Palm Bay Police and Firefighters' Pension Fund
c/o Steven B. Singer, Esq.
Saxena White, P.A.
10 Bank Street, 8th Floor
White Plains, New York 10606

Case 1:19-cv-00070-DLC  Document 157  Filed 12/04/20  Page 5 of 13

**Representatives**

Steven B. Singer, Esq.
Kyla Grant, Esq.
Joshua H. Saltzman, Esq.
Saxena White, P.A.
10 Bank Street, 8th Floor
White Plains, New York 10606
ssinger@saxenawhite.com
kgrant@saxenawhite.com
jsaltzman@saxenawhite.com

Maya Saxena, Esq.
Joseph E. White, III, Esq.
Lester R. Hooker, Esq.
Dianne M. Pitre, Esq.
7777 Glades Road, Suite 300
Boca Raton, Florida 33434
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

Robert D. Klausner, Esq.
Klausner Kaufman Jensen & Levinson
7080 Northwest 4th Street
Plantation, Florida 33317
bob@robertklausner.com

**b. Defendants**

Perrigo Company plc
c/o Samuel M. Light, Esq.
Samuel P. Groner, Esq.
James D. Wareham, Esq.
James E. Anklam, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington DC 20006

Ronald L. Winowiecki
c/o Hector Gonzalez, Esq.
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036

Murray S. Kessler
c/o Joseph M. McLaughlin, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

**Representatives**

James D. Wareham, Esq.
James E. Anklam, Esq.
Samuel P. Groner, Esq.
Samuel M. Light, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington DC 20006
samuel.groner@friedfrank.com
samuel.light@friedfrank.com
james.wareham@friedfrank.com
james.anklam@friedfrank.com

Hector Gonzalez, Esq.
Angela Liu, Esq.
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
hector.gonzalez@dechert.com
angela.liu@dechert.com

Joseph M. McLaughlin, Esq.
Shannon K. McGovern, Esq.
Amy L. Dawson, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
jmclaughlin@stblaw.com
smcgovern@stblaw.com
amy.dawson@stblaw.com

### VII. Identity and Address of Any Person to be Examined

1. Jim Clery
   KPMG Ireland
   1 Harbourmaster Pl,
   International Financial Services Centre,

Dublin 1, D01 F6F5, Ireland

Jim Clery ("Clery") is within the jurisdiction of the High Court of Ireland. The law firm of McCann FitzGerald has been retained by the Lead Plaintiffs and serves as their counsel and is authorized to make the application to the High Court of Ireland on behalf of this Court.

**VIII. Summary of Action**

This is a securities class action pending in the United States District Court for the Southern District of New York (the "District Court" or "Court") against Perrigo Company plc, its Chief Executive Officer (CEO) Murray S. Kessler ("Kessler"), and its former Chief Financial Officer, Ronald Winowiecki ("Winowiecki"). The action asserts claims under Section 10(b) of the United States Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, on behalf of all investors who purchased or otherwise acquired common stock of Perrigo between November 8, 2018 and December 20, 2018 (the "Class Period") (the "Class").

Perrigo is a pharmaceutical company that is operationally based in the United States and domiciled in Ireland. This action stems from allegations that Perrigo failed to timely disclose to investors its exposure to a $2 billion tax liability imposed by the Office of the Revenue Commissioners (hereinafter, "Irish Revenue"). The allegations are briefly summarized below.

In December 2013, Perrigo acquired Irish pharmaceutical company Elan Corporation Plc (Elan). In the months leading up to the acquisition, Elan sold off its 50% stake in the multiple sclerosis drug Tysabri, for $3.25 billion plus contingent royalty payments. In mid-2017, Perrigo sold off its remaining rights in its Tysabri royalty stream. Perrigo treated both the income from the initial 2013 Tysabri sale and the subsequent 2017 sale (totaling $6 billion in transactions) (together, the "Tysabri Transactions) as ordinary "trading" income for tax purposes, subjecting it to Ireland's 12.5% corporate income tax rate.

In November 2017, Irish Revenue notified Perrigo that it had commenced an audit of Perrigo's tax treatment of the Tysabri Transactions (the "Irish Tax Audit"). Specifically, the audit pertained to whether the transactions had improperly been taxed at the 12.5% trading income rate rather than the 33% capital gains tax rate. Over the course of the following year, Perrigo exchanged correspondence with Irish Revenue, made submissions in support of its tax position, and had meetings with Irish Revenue representatives.

Irish Revenue's audit concluded in the fall of 2018, and on October 30, 2018, Irish Revenue issued a detailed, seven-page letter entitled "Audit Findings" (the "Audit Findings Letter") to Perrigo. In that letter, Irish Revenue set forth in detail its determination that the Tysabri sale was a "chargeable gain" to which the higher 33% tax rate applied. Moreover, the Audit Findings Letter calculated the precise amount of back taxes owed: €1,636,047,646, or nearly $2 billion.

The instant action alleges that Defendants failed adequately to disclose to investors the highly material "contingent liability" they faced as a result of the Irish Tax Audit, in violation of GAAP and the United States securities laws. Once Defendants revealed the €1.6 billion tax liability on December 20, 2020, Perrigo's stock price fell by nearly 30%, from $52.36 on the previous trading day to $37.03—a one-day drop that wiped out nearly $2.1 billion in market capitalization.

## IX. Procedural Status of the U.S. Proceedings

The complaint initiating this action was filed on January 3, 2019. In accordance with the procedures provided for by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on March 2, 2019, Plaintiffs City of Boca Raton General Employees' Pension Plan and Palm Bay

6

Police and Firefighters' Pension Fund were appointed by the Court as the lead plaintiffs in this action (hereinafter "Lead Plaintiffs" or "Plaintiffs").

Plaintiffs filed the operative complaint in this action on May 31, 2019. On January 23, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the operative complaint. On September 25, 2020, the Court certified the Class, and appointed Plaintiffs as Class Representatives and Saxena White as Class Counsel.

The case has now proceeded to discovery. Pursuant to the Court's operative scheduling order, all discovery is to be completed by January 29, 2021.

## X. The Requested Discovery

Plaintiffs seek testimony and documents from Mr. Clery located in Ireland. Mr. Clery was identified by Defendants as having information relevant to the claims and defenses in this action, and was expressly named in the Irish High Court's recent decision rejecting Defendants' appeal of Irish Revenue's tax assessment against them.[1]

Defendants have asserted, as one of their principal defenses, that they reasonably relied on the advice of others—including KPMG Ireland[2] and its partner, Mr. Clery—in determining their disclosure obligations regarding the Audit Findings Letter. Plaintiffs believe that KPMG Ireland—and, specifically, Mr. Clery—played a key role in advising Perrigo regarding the Irish Tax Audit and/or in representing Perrigo in its audit defense. Accordingly, Plaintiffs seek testimony and related documents from Mr. Clery concerning his role in the Irish Tax Audit.

---

[1] *See* https://www.courts.ie/acc/alfresco/86dfd10f-9923-44ec-9e6b-ffa8bcb0ef1c/2020_IEHC_552.pdf/pdf#view=fitH at ¶ 152 (identifying "Mr. Jim Clery (the partner in KPMG who acted on behalf of EPIL in relation to tax matters and tax returns)" and quoting an affidavit filed by Mr. Clery); *id.* at ¶¶ 154-58, 212, 227-28.
[2] KPMG Ireland is an independent "member firm" of KPMG's "network" and thus discovery from KPMG Ireland cannot be obtained from a parent company. *See* https://home.kpmg/xx/en/home/about/governance/structure.html ("Each KPMG firm is separate and legally distinct.")

7

XI. **Necessity for Examination in Ireland**

Mr. Clery is an Irish resident and citizen, and has been identified as having discoverable information pertinent to the Irish Tax Audit. The Courts in the United States do not have jurisdiction over Mr. Clery to compel him to appear for a pre-trial deposition or compel him to produce documents that might be associated with any testimony he might give.

XII. **Lines of Inquiry**

Plaintiffs request that Mr. Clery be deposed, under oath, as to his knowledge of Irish Revenue's audit of Perrigo and the Tysabri Transactions, including, but not limited to:

1. Mr. Clery's role in the Irish Tax Audit;
2. Any advice given by Mr. Clery to Perrigo concerning its response to or defense of the Irish Tax Audit;
3. Any advice given by Mr. Clery to Perrigo concerning its disclosures regarding the Irish Tax Audit in its public filings with the United States Securities and Exchange Commission; and
4. Mr. Clery's communications with Perrigo concerning the Irish Tax Audit.

XIII. **Documents**

This Court requests that Mr. Clery also be compelled to bring to his examination all documentation in his possession, power, or control which are relevant to the issues in this proceeding, including documents relating to the lines of inquiry identified above.

XIV. **Reimbursement of Costs**

The fees and costs incurred will be borne by Plaintiffs. Plaintiffs' payment of such fees and costs is without prejudice to their making a subsequent request to be reimbursed for these costs by other parties in this action or as assigned by the Court.

Case 1:19-cv-00070-DLC   Document 157-1   Filed 12/04/20   Page 9 of 13

XV. **Reciprocity**

This Court understands that granting assistance of the type requested in this letter is authorized by the law of the Republic of Ireland, and in particular, by the Foreign Tribunals Evidence Act 1856 and Order 39, Rules 39-44 of the Rules of the Superior Courts 1986. The courts of the United States are authorized by statute, 28 U.S.C. § 1782, to extend similar assistance to the tribunals of Ireland.

XVI. **Requests**

Having regard to the foregoing, the undersigned, The Honorable Denise L. Cote, U.S. District Judge for the United States District Court for the Southern District of New York, respectfully requests:

1. that Mr. Clery be directed to attend, at such times and places as you shall appoint, before such person who, according to the procedure of your Court is competent to preside over the examination of witnesses under oath, to be examined upon oath, or affirmation by oral interrogatories or otherwise in relation to matters relating to and touching on these proceedings including, but not limited to, the lines of inquiry identified above;

2. that the Irish High Court order that the examination be conducted in accordance with the United States Federal Rules of Civil Procedure, except to the extent such procedure is incompatible with Irish law;

3. that Mr. Clery bring with him to the examination all documentation in his possession, power, or control touching on these proceedings including, but not limited to the lines of inquiry identified above;

4. that the testimony of Mr. Clery be recorded by video and by a stenographer and be reduced to writing;

5. that there be authentication of the testimony of Mr. Clery by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

6. that any documentation produced by Mr. Clery on examination be marked for identification and that there be authentication of any such documents or copies of same or any extracts therefrom by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

7. that the transcript and videoed testimony of Mr. Clery as well as any documents be transmitted to this Court in a sealed envelope addressed to Saxena White, P.A., c/o Joshua H. Saltzman, 10 Bank Street, 8th Floor, White Plains, New York 10606;

8. that your Honorable Court cause to be sent to Saxena White, P.A., c/o Joshua H. Saltzman, 10 Bank Street, 8th Floor, White Plains, New York 10606, a note of the charges and expenses payable in respect of the execution of the within request; and

9. that your Honorable Court make such further order pursuant to this request as it appears fit.

### Conclusion

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letters Rogatory to obtain the oral examination, under oath, of the Witness of the subject matters and questions listed above and of the documents described above. This Court expresses its sincere willingness to provide similar assistance to Ireland if future circumstances should require.

DATE: _____

                                                _____
                                                HONORABLE DENISE L. COTE
                                                UNITED STATES DISTRICT JUDGE