One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax:+1.212.859.4000



Direct Line: +1.212.859.8565
Email: samuel.groner@friedfrank.com
December 3, 2020

**Via ECF**
Hon. Denise L. Cote
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

MEMO ENDORSED

Re:   *In re Perrigo Company plc Securities Litigation*, 19-CV-70 (DLC)

Dear Judge Cote:

    We represent Perrigo Company plc in this action (the "Action"). We respectfully submit this Letter Motion, in accordance with Section 7(b) of Your Honor's Individual Practices in Civil Cases, for an order sealing portions of Plaintiffs' Letter Motion and exhibits, ECF 156, and Perrigo's Letter Response, ECF 160.[1] The documents Perrigo seeks to seal contain sensitive, nonpublic business information concerning legal proceedings outside of the United States.

    The Second Circuit has set out a three-step inquiry for evaluating sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, a court must determine whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the court must determine the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power." *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)). A court's judgment as to the weight of the presumption "can be informed in part by tradition . . . [w]here such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." *Amodeo II*, 71 F.3d at 1050. Finally, the court must "balance competing considerations against [the presumption of public access]." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). The presumption of public access is outweighed by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also FTC v. Vyera Pharms., LLC*, No. 20-CV-706 (DLC), 2020 WL 5569713, at *2 (S.D.N.Y. Sept. 17, 2020) (granting in part motions to redact certain documents with "private information" or "commercially and competitively sensitive nonpublic information," where movants' proposed redactions were narrowly tailored).

---

[1] Perrigo asks this Court to seal the portions of Plaintiffs' Letter Motion that Plaintiffs redacted, *see* ECF 155, Exhibits A-E to that Letter Motion, and the portions of Perrigo's Letter Response that Perrigo redacted, *see* ECF 159. *See Personalized Media Commc'ns, LLC v. Netflix, Inc.*, 20-CV-03708, 2020 U.S. Dist. LEXIS 218085, at *2-*3, *6-*7 (S.D.N.Y. Nov. 20, 2020) (granting defendant's motion to seal portions of documents plaintiff submitted that contained defendant's source code, which was "highly confidential, competitively sensitive information").

**New York • Washington • London • Frankfurt**
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

Fried, Frank, Harris, Shriver & Jacobson LLP

December 3, 2020
Page 2

The documents at issue in this Letter Motion are "judicial documents" to which the presumption of public access applies because they have been submitted to this Court to enable it to adjudicate the parties' dispute about the proper scope of the attorney-client privilege waiver in this case. *See Lugosch*, 435 F.3d at 119. That presumption, however, should not be given much weight here. The weight of the presumption of public access is strong in situations "where documents are used to determine litigants' substantive legal rights . . . ." *Id.* at 121. Plaintiffs' Letter Motion relates to a discovery dispute and is not dispositive of any merits issue in this case. In similar cases involving non-dispositive motions, courts in this District have concluded that the presumption of public access should not be accorded much weight. *See, e.g.*, *IBM v. Rodrigo Lima*, 20-CV-4573, 2020 WL 6048773, at *1-*2 (S.D.N.Y. Oct. 9, 2020) (granting application to seal when the requests for redaction were "submitted in connection with [a] preliminary injunction motion—not a full trial on the merits"); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 7-CV-10470, 2013 WL 3531600, at *4 (S.D.N.Y. July 12, 2013) ("[T]he presumption of access is weak relative to a document considered in connection with a motion that is potentially dispositive on the merits.").

The presumption should be given less weight here, as the documents in question contain confidential business information insofar as the documents are, or describe, sensitive communications with counsel regarding legal proceedings outside of the United States. *See In re Application of Accent Delight Int'l, Ltd.*, 16-MC-125 (JMF), 2018 WL 2849724, at *1, *6 (S.D.N.Y. June 11, 2018) (sealing documents containing private sales figures and communications, in case involving court proceedings in at least five non-U.S. jurisdictions); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 19-CV-10125 (ALC), 2020 WL 5819864, at *2-*3, (S.D.N.Y. Sept. 30, 2020) (granting in full a request to seal exhibits containing financial income statements, customer information, and research and development information, as well as a request to seal an exhibit containing specific financial and production volume figures); *Raptor Trading Sys., Inc. v. Beth*, No. 16-CV-3430 (RA), 2020 U.S. Dist. LEXIS 173794, at *3-*4 (S.D.N.Y. Sept. 22, 2020) (granting request to redact portions of exhibit relating to the name of a potential third-party purchaser of plaintiff and information about specific financial terms of the proposed sale); *GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 10-CV-8663 (PKC), 2020 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (granting both parties' motions to seal, reasoning in part that certain documents at issue were of a proprietary nature and contained personal discussions).

Because the risk of harm to Perrigo outweighs the presumption of public access in this situation, Perrigo respectfully asks this Court to grant its sealing motion.

Respectfully yours,

/s/ Samuel P. Groner
Samuel P. Groner

cc: All Counsel (via ECF)

```
Granted.  12.04.20.
```

_____
DENISE COTE
United States District Judge

22891653