```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :       19cv70 (DLC)
IN RE PERRIGO COMPANY PLC SECURITIES     :
LITIGATION                               :    MEMORANDUM OPINION
                                         :         AND ORDER
---------------------------------------- X
```

DENISE COTE, District Judge:

In letters of November 24 and 30, the parties dispute the scope of defendant Perrigo's waiver of the attorney-client privilege in this securities fraud action and whether Perrigo may withhold roughly 2,100 documents on the basis of privilege. For the reasons described below, Perrigo's waiver encompasses the advice it received on the merits of the Irish Revenue audit.

An Opinion of January 23, 2020 ("Motion to Dismiss Opinion") addressed the defendants' motion to dismiss this action. In re Perrigo Co. PLC Sec. Litig., 435 F. Supp. 3d 571 (S.D.N.Y. 2020). The plaintiffs were permitted to pursue their claim that Perrigo's failure to disclose in its November 8, 2018 Form 10-Q the Irish Revenue audit calculation that Perrigo owed roughly $1.9 billion in taxes was a material omission that violated the federal securities laws against fraud. Id. at 589. This figure appeared in the Irish Revenue Audit Findings Letter to Perrigo of October 30, 2018. Id. at 578.

Perrigo represents that it consulted with multiple in-house and external counsel and other advisors concerning its

disclosure obligation.  It gave notice to plaintiffs on August 21, 2020 that, as it relates to advice provided to Perrigo regarding the disclosure decisions pertaining to the November 8, 2018 Form 10-Q, it intends to rely on an advice of counsel defense in order to negate the plaintiffs' allegations of scienter.  As a result, in discovery, it disclosed documents containing privileged communications related to the disclosures to the Securities and Exchange Commission ("SEC") concerning the Irish Revenue audit.  Perrigo has withheld production of documents, however, that concern its substantive response to the audit, including its response in Ireland to the Irish Revenue Audit Findings Letter.

Perrigo's distinction between advice received about disclosure obligations to the SEC and Perrigo's investors and advice received about the merits of the Irish Revenue calculation is unworkable.  As a theoretical matter, any advice about disclosure is contingent on an analysis of the merits of the Irish Revenue audit.  Moreover, based on the submissions of the parties here, it appears that the advice actually given to Perrigo regarding its reporting obligations under U.S. securities laws depended entirely on an evaluation of the merits of that audit.

As explained in the Motion to Dismiss Opinion, Perrigo's disclosure obligation rested on its compliance with provisions of the Accounting Standards Codification.  Under those standards, contingent losses must be accrued and reported where they are probable and reasonably estimable.  Id. at 582.  Therefore, if Perrigo failed to disclose the $1.9 billion figure because its advisors concluded it was not probable that Irish Revenue would succeed in this dispute, then its waiver of the privilege requires disclosure of the communications related to that assessment, which would include its communications with Irish Revenue, including its response to the Audit Findings Letter.

Even if Perrigo did not assess the loss as probable, it still had a duty to accrue the loss if there was a reasonable possibility that a loss may have been incurred.  Id. at 582.  As set forth in the Motion to Dismiss Opinion, there is a restriction on that duty, but that restriction does not appear to apply here.  There is no duty to accrue a loss that is only a reasonable possibility where there has been no manifestation by a potential claimant of an awareness of a possible claim, unless other circumstances exist.  Id.  Here, Irish Revenue had manifested to Perrigo an awareness of a possible claim since at

least November 29, 2017, when Irish Revenue sent a detailed request to Perrigo about the issue.

The legal principles regarding the scope of a waiver of the attorney-client privilege are well established.  The attorney-client privilege "may implicitly be waived when [the] defendant asserts a claim that in fairness requires examination of protected communications." United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991).

The "quintessential example" of a waiver of the privilege is the assertion of an advice of counsel defense. In re Cty. of Erie, 546 F.3d 222, 228 (2d Cir. 2008) (citation omitted).  In the context of an advice of counsel defense, "[t]he key to a finding of implied waiver . . . is some showing by the party arguing for a waiver that the opposing party relies on the privileged communication as a claim or defense or as an element of a claim or defense." Id.  The underlying justification for a finding of implied waiver in this context is that "the assertion of a good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege." Id. at 228-29.  Courts have thus sought to prevent litigants from wielding the attorney-client privilege both "as a shield and a sword" through the advice of counsel defense. Bilzerian, 926 F.2d at 1292.

4

The plaintiffs have submitted exemplar emails and their attachments to show that the defendants waived their attorney-client privilege both as to the advice they received about their disclosure obligations and the advice they received about the merits of Irish Revenue's tax assessment. These documents explain that Perrigo was advised that it would not have to disclose the $1.9 billion tax assessment in its Form 10-Q because counsel advised Perrigo that it would prevail on the merits in its dispute with Irish Revenue. Perrigo's waiver of its attorney-client privilege therefore requires the disclosure of its communications with its attorneys regarding the merits of the underlying tax dispute.

The defendants' proposed distinction between the advice Perrigo received about its disclosure obligations and the advice it received about the merits of the tax assessment is therefore rejected. Accordingly, the defendants shall promptly produce all communications listed in Exhibit A to plaintiffs' letter that were previously withheld on the ground that they pertained to the merits of Perrigo's tax dispute with Irish Revenue.

Dated:   New York, New York
         December 8, 2020

_____
DENISE COTE
United States District Judge