UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :          19cv70 (DLC)
IN RE PERRIGO COMPANY PLC SECURITIES   :
LITIGATION                             :     MEMORANDUM OPINION
                                       :          & ORDER
-------------------------------------- X

DENISE COTE, District Judge:

    On January 20, 2021, the lead plaintiffs moved for leave to
amend their complaint for the third time.  The motion became
fully submitted on February 5.  For the reasons stated below,
the motion is denied.

## Background

    This action commenced over two years ago.  The lead
plaintiffs have filed three complaints; the Second Amended
Complaint ("SAC") has been operative for over a year and a half.
Over a year ago, on January 23, 2020, the Court granted in part
the defendants' motion to dismiss the SAC.  In re Perrigo Co.
PLC Sec. Litig., 435 F.Supp.3d 571 (S.D.N.Y. 2020) (DLC)
("January Opinion").  A class was certified in September.  In re
Perrigo Co. PLC Sec. Litig., No. 19CV70 (DLC), 2020 WL 5701823
(S.D.N.Y. Sept. 24, 2020).  The class action notice was
published and distributed on January 19.  Expert reports have
been exchanged.  Discovery is set to close on March 5, and the
parties' joint pretrial order or any motion for summary judgment
is due March 19, 2021.

The January Opinion allowed the lead plaintiffs to proceed on their claims that defendant Perrigo Company PLC's ("Perrigo") November 8, 2018 Form 10-Q misled investors by failing to adequately disclose that Irish tax authorities ("Irish Revenue") had determined that the company owed nearly $2 billion in back taxes.  Perrigo had treated certain proceeds as trading income; Irish Revenue had concluded that the proceeds were capital gains and subject to a much higher tax rate.  The Opinion dismissed the claims arising from Perrigo's statements made prior to the November 2018 Form 10-Q, such as those made in its March 1, 2018 Form 10-K, on the ground that the lead plaintiffs had failed to plead scienter.

At a conference on February 28, 2020, the lead plaintiffs raised the possibility that they might seek to amend their complaint for a third time if they were to discover evidence with the potential to revive the claims that were dismissed in the January Opinion.  In response, the Court reminded the plaintiffs that any motion to further amend would be governed by Rule 16, Fed. R. Civ. P.

On December 8, the Court held that the legal advice that Perrigo received regarding the merits of the Irish tax audit is not protected by the attorney-client privilege.  In re Perrigo Co. PLC Sec. Litig., No. 19CV70 (DLC), 2020 WL 7251277 (S.D.N.Y.

Dec. 8, 2020).  In response, the defendants produced roughly 2,100 documents that had been withheld.

The lead plaintiffs now seek to revive the dismissed claims arising from Perrigo's March 2018 Form 10-K, claiming that documents produced following the December 8 ruling reveal that the defendants acted with the requisite degree of scienter when they filed the March 2018 Form 10-K.  In making this allegation, the lead plaintiffs' motion principally relies on an internal memorandum by the Irish accounting firm KPMG Ireland, internal email communications by Perrigo's executives, and a 2016 opinion from Perrigo's Irish legal counsel, A&L Goodbody ("ALG Opinion").  The defendants disclosed the KPMG memorandum on July 31, 2020 and produced Perrigo's internal email communications on September 25 and November 17.  The email communications disclosed on November 17 were produced in redacted form.  The defendants produced an unredacted version of those emails on December 14.  Only the ALG Opinion, produced on December 14, was not disclosed in any form until after the December 8 Opinion denying the defendants' assertion of attorney-client privilege.[1]

---

[1] The parties have not submitted the ALG Opinion to the Court. The lead plaintiffs did, however, submit with their reply excerpts from a deposition of an attorney that quotes extensively from the ALG Opinion.  The description of the ALG Opinion is therefore taken from the descriptions of that document in the parties' briefs and the deposition.

The ALG Opinion was issued on December 7, 2016 and addressed a transaction with some differences from the one ultimately executed.  It reviewed the relatively sparse authority regarding whether the proceeds should be treated as income or as capital gains and concluded that, while the matter was not free from doubt, it was more likely than not that Perrigo's position -- that the proceeds should be treated as income -- would be upheld.  This opinion, which was issued before Irish Revenue notified Perrigo that this issue was a focus of its audit and over a year before the filing of Perrigo's March 2018 Form 10-K, is apparently in line with the other tax advice Perrigo was given by its advisors.

## Discussion

The last deadline to further amend the complaint was May 31, 2019.  Rule 16, therefore, governs this motion to amend.

Rule 16 states that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  "[A] district court . . . does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order."  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).  "Whether good cause exists turns on the

4

diligence of the moving party." BPP Illinois, LLC v. Royal Bank
of Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017) (citation
omitted).

Although the diligence of the moving party is "the primary
consideration" under Rule 16, it "is not, however, the only
consideration." Kassner, 496 F.3d at 244.  A district court
"may consider other relevant factors including, in particular,
whether allowing the amendment of the pleading at this stage of
the litigation will prejudice defendants." Id.  The Rule "is
designed to offer a measure of certainty in pretrial
proceedings, ensuring that at some point both the parties and
the pleadings will be fixed." Parker v. Columbia Pictures
Indus., 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted).
Disregarding the instructions of a scheduling order "would
undermine the court's ability to control its docket, disrupt the
agreed-upon course of the litigation, and reward the indolent
and the cavalier. Rule 16 was drafted to prevent this
situation." Id. (citation omitted).

The proposed amendment will have a material impact on the
shape, schedule and expense of this litigation.  It extends the
class period from several weeks to several months in duration.
It comes as the parties prepare for the final stages of the
litigation.  Assuming a class is certified for the new class

period, notice will have to be given for a second time and a new opt-out deadline set.  Sending a second notice to the class that serves no purpose except adjusting the class period is far from ideal.  In addition, expert reports will have to be revised and expert discovery extended.  The briefing of summary judgment motions and the submission of a pretrial order will be delayed. Therefore, the interests of justice strongly weigh against allowing this amendment.  Without a sufficiently strong showing of diligence and a likelihood that the amendment will survive a renewed motion to dismiss, this application should be denied.

Allegations taken from documents produced prior to December 8, 2020 do not support a finding of good cause to amend, since they have been available to the lead plaintiffs for several months.  The ALG Opinion, however, was not made available to the lead plaintiffs in any form until December 14, 2020.[2]  The central questions are thus whether the plaintiffs were sufficiently diligent in obtaining the ALG Opinion, whether the allegations drawn from that document may allow the plaintiffs to plead scienter with respect to the statements made by the defendants in Perrigo's March 2018 Form 10-K, and whether the

---

[2] While the lead plaintiffs assert that an internal email chain among Perrigo executives from November 2016 was first produced in heavily redacted form, the portions from this email chain on which the lead plaintiffs rely were never redacted.

interests of justice support an amendment of this scope at this stage of the litigation.

As discussed in the January Opinion, Accounting Standards Codification ("ASC") 450 governs the statements made in the March 2018 Form 10-K regarding Perrigo's potential tax liability.[3]  The January Opinion found that the SAC had adequately pled that Irish Revenue manifested an awareness of a possible claim against Perrigo as early as November 29, 2017, when it sent Perrigo a detailed message outlining its areas of interest in the audit of Perrigo's 2012 and 2013 taxes. Perrigo, 435 F.Supp.3d at 583-85.  When a potential claimant has manifested an awareness of a possible claim, disclosure of the loss contingency is required where there "is at least a reasonable possibility that a loss . . .  may have been incurred."  ASC 450-20-50-3; ASC 450-20-50-6.  "Reasonably possible" means that the chance of occurrence is "more than

---

[3] In their opposition to the lead plaintiffs' motion to amend, the defendants assert -- for the first time in this litigation -- that the statements at issue here are exclusively governed by ASC 740 rather than by ASC 450.  ASC 740 governs contingent income tax liabilities.  Commentators have noted that ASC 450, rather than ASC 740, governs contingent capital gains tax liabilities.  See, e.g., PwC, Income Taxes at 15-3 (May 2020), https://www.pwc.com/us/en/cfodirect/assets/pdf/accounting-guides/pwc-income-taxes-guide.pdf; Deloitte, A Roadmap to Accounting for Income Taxes at 8, 131 (April 2020), https://www2.deloitte.com/content/dam/Deloitte/us/Documents/Tax/us-tax-roadmap-to-accounting-for-income-taxes-april-2020.pdf.

remote but less than likely." Id. at 450-20-20.  The January
Opinion found that the SAC had adequately alleged that as of
November 29, 2017, there was more than a remote possibility that
Perrigo had incurred a loss associated with its tax treatment of
the proceeds from the sale.  Perrigo, 435 F.Supp.3d at 583.

The January Opinion went on to conclude, however, that the
SAC had failed to plead scienter with respect to the statements
made in the March 2018 Form 10-K.  Id. at 585-86.  The lead
plaintiffs had principally relied on the existence of the GAAP
violation and the magnitude of the possible tax deficiency to
plead the strong inference of scienter required by the PSLRA.
The January Opinion held that those assertions were not
sufficient.

The ALG Opinion does not bridge this gap.  An allegation of
a GAAP violation is insufficient to state a securities fraud
claim, particularly where the application of GAAP to a
particular set of circumstances requires the exercise of
judgment.  Id. at 585.  In seeking to amend their pleading, the
lead plaintiffs are again conflating evidence of a GAAP
violation with evidence of scienter.  At most, the ALG Opinion
allows the lead plaintiffs to plead that the defendants were not
entirely certain that the tax treatment, which their experts
supported, would be upheld.  It does not allow the plaintiffs to

allege that the defendants' failure to disclose the contingent liability was "highly unreasonable, representing an extreme departure from the standards of ordinary care" as opposed to "merely a heightened form of negligence." In re Advanced Battery Techs., Inc., 781 F.3d 638, 644 (2d Cir. 2015) (citation omitted).

### Conclusion

The lead plaintiffs' January 20, 2021 motion to further amend their complaint is denied.

Dated:    New York, New York
          February 10, 2021

                              _____
                              DENISE COTE
                        United States District Judge

9