```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :          19cv70 (DLC)
IN RE: PERRIGO COMPANY PLC SECURITIES  :
LITIGATION                             :             ORDER
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On March 31 and April 1, 2021, the parties moved for summary judgment and to preclude the testimony of certain witnesses.  Defendant Perrigo Company plc ("Perrigo"), defendants Murray S. Kessler and Ronald L. Winowiecki (the "Individual Defendants"), and the lead plaintiffs each filed a motion to seal certain portions of their filings, claiming that a confidentiality order designates certain information in those filings as "confidential" and that the filings reference confidential communications between Perrigo and its attorneys.

The material that defendant Perrigo's motion to seal seeks to redact from the public record can be grouped into a few broad categories.  The categories include descriptions of the work that Perrigo's attorneys and accountants typically perform for Perrigo in connection with its transactions, communications between Perrigo and its attorneys and accountants regarding the tax classification of its 2017 sale of the drug Tysabri, descriptions of memoranda by Perrigo's board of directors, descriptions of depositions submitted along with Perrigo's

motions, and information about certain employees' decisions to take parental leave.

The material that the lead plaintiffs' motion to seal seeks to redact from the public record includes references to the background materials that Perrigo relied on in purchasing Elan Corporation plc, descriptions of Irish Revenue's preliminary inquiries into Perrigo's tax treatment of the sale of Tysabri, Perrigo's communications with Irish Revenue in response to those inquiries, Perrigo's internal discussions regarding Irish Revenue's inquiries, Perrigo's communications with its attorneys and accountants, descriptions of depositions submitted along with the lead plaintiffs' motions, and descriptions of the parties' expert testimony.

The Individual Defendants seek to redact descriptions of their depositions, information about certain employees' decisions to take parental leave, descriptions of the deposition of Perrigo's general counsel, and descriptions of Perrigo's communications with its attorneys and accountants.

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[] a significant positive role in the functioning of the particular process."  Bernstein v. Bernstein Litowitz Berger &

Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016).  See also
Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir.
2006).  The Second Circuit has held that this presumption of
public access applies to "summary judgment motions and documents
relied upon in adjudicating them."  Newsday LLC v. County of
Nassau, 730 F.3d 156, 164 (2d Cir. 2013) (citation omitted).
The First Amendment "requires a court to make specific, rigorous
findings before sealing the document or otherwise denying public
access." Bernstein, 814 F.3d at 141 (citation omitted).  "[T]he
presumptive right of access prevails unless it is overcome by
specific, on-the-record findings that sealing is necessary to
preserve higher values and only if the sealing order is narrowly
tailored to achieve that aim."  Newsday, 730 F.3d at 165
(citation omitted).

     Accordingly, when making requests to redact or seal
material, a party must include in a publicly filed letter any
proposed findings that support the request.  A document may not
be sealed or redacted simply because it contains material that
is captured by a confidentiality agreement, although that may be
a relevant fact to mention in the application.

     The parties principally argue that the material that they
seek to redact is confidential and that "almost the entirety" of
the documents referenced by their filings are protected by the

attorney-client privilege.  As discussed in the Court's Opinion of December 8, which ruled on a discovery dispute, the defendants have largely waived their attorney-client privilege in this litigation.  In re Perrigo Co. PLC Sec. Litig., No. 19CV70 (DLC), 2020 WL 7251277 (S.D.N.Y. Dec. 8, 2020).  Given the centrality of the defendants' legal advice to this dispute, the parties have failed to overcome the presumption of public access with respect to at least their briefs and 56.1 Statements, filed on March 31 and April 1.  Accordingly, it is hereby

ORDERED that the parties' motions to redact material from their publicly filed briefs and 56.1 Statements are denied with the following exception.  The parties may redact any reference to parental leave that Perrigo's employees may have taken.

IT IS FURTHER ORDERED that the parties' requests to seal the accompanying exhibits is granted for now.

IT IS FURTHER ORDERED that the parties shall by April 8, 2021 refile their briefs and 56.1 Statements in conformity with this Order.

Dated:    New York, New York
          April 5, 2021

_____
DENISE COTE
United States District Judge

4