One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax:+1.212.859.4000

# FRIED FRANK

Direct Line: +1.212.859.8565
Email: samuel.groner@friedfrank.com
May 7, 2021

**Via ECF**

Hon. Denise L. Cote
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

*[Handwritten: Granted. Denise Cote, May 11, 2021]*

Re: *In re Perrigo Company plc Securities Litigation*, 19-CV-70 (DLC)

Dear Judge Cote:

    We represent Perrigo Company plc in the above-captioned action. We respectfully submit this Letter Motion, in accordance with Section 8(b) of Your Honor's Individual Practices in Civil Cases, for an order sealing (i) certain exhibits attached to the Declaration of Samuel M. Light in Support of Defendants' Memorandum of Law in Opposition to Lead Plaintiffs' Motion for Partial Summary Judgment and (ii) certain exhibits attached to the Declaration of Samuel M. Light in Support of Defendants' Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Exclude the Expert Witness Report and Testimony of William W. Holder.

    In accordance with Your Honor's Individual Practices in Civil Cases, non-confidential documents are being filed on the public docket simultaneously with the sealed documents. Defendants previously filed with their summary judgment motions and *Daubert* motions a related Letter Motion to seal on March 31, 2021. The Court decided the prior sealing motion on April 5, 2021. The current Letter Motion to seal seeks sealing of materials consistent with this Court's April 5, 2021 Order granting Perrigo's sealing request for "accompanying exhibits" to the parties' prior summary judgment and *Daubert* motions, ECF 235. Perrigo is not requesting an order sealing any portion of the memoranda of law filed today. Also, Perrigo's filings today do not make specific reference to parental leave that Perrigo's employees may have taken and thus Perrigo does not seek to seal such information at this time. The documents Perrigo seeks to seal contain sensitive, nonpublic business information concerning legal proceedings outside of the United States (including communications with counsel and other external advisors), determinations made surrounding Perrigo's tax positions, and discussions of Perrigo's internal controls.

    The Second Circuit has set out a three-step inquiry for evaluating sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, a court must determine whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the court must determine the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power." *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)). A court's judgment as to the weight of the presumption "can be informed in part by tradition. Where such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is

New York • Washington • London • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

Fried, Frank, Harris, Shriver & Jacobson LLP

May 7, 2021
Page 2

unusual or is generally under seal." *Amodeo II*, 71 F.3d at 1050. Finally, the court must "balance competing considerations against [the presumption of public access]." *Lugosch*, 435 F.3d at 120. The presumption of public access is outweighed by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124; *see also FTC v. Vyera Pharms., LLC*, 2020 WL 5569713, at *2 (S.D.N.Y. Sept. 17, 2020) (Cote, J.) (granting in part motions to redact certain documents with "private information" or "commercially and competitively sensitive nonpublic information," where movants' proposed redactions were narrowly tailored).

Because the risk of harm to Perrigo outweighs the presumption of public access in this situation, and in accordance with the Court's previous April 5 Order granting Perrigo's sealing request for exhibits submitted by the parties in support of summary judgment and *Daubert* motions, Perrigo respectfully asks the Court to grant its sealing motion for the materials accompanying the Defendants' opposition filings submitted today.

Respectfully yours,

*/s/ Samuel P. Groner*
Samuel P. Groner

cc: All Counsel (via ECF)