One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000

# FRIED FRANK

Direct Line: +1.212.859.8565
Email: samuel.groner@friedfrank.com

**Via ECF**

August 20, 2021

Hon. Denise L. Cote
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: ***In re Perrigo Company plc Securities Litigation*, 19-CV-70 (DLC)**

Dear Judge Cote:

    This firm represents Defendant Perrigo Company plc ("Perrigo") in the above-captioned action. We write on behalf of all Defendants in response to Plaintiffs' August 19, 2021 letter (ECF 294) regarding the *de bene esse* depositions of Hendrik Bogers and Patricia Forde.

    On August 3, 2021, Defendants requested to present live-video testimony of witnesses who would be unable to appear in person for trial due to travel or safety restrictions arising from the global pandemic. ECF 285. Plaintiffs opposed that request, noted that discovery depositions had been obtained from certain witnesses (including Mr. Bogers and Ms. Forde), and argued that designations from these discovery depositions could be submitted in lieu of live-video testimony. *See* ECF 286. The Court's Order of August 6, 2021 (ECF 289) (the "Order") denied Defendants' request for live-video testimony and also rejected Plaintiffs' contention that discovery depositions of Irish-based witnesses were sufficient. Instead, the Order instructed "that the parties shall identify by August 13 any witness whose testimony should be preserved through a de bene esse deposition" and directed that "the parties shall confer and arrange to complete any such depositions by September 24." ECF 289.

    Pursuant to the Order, Defendants identified four witnesses whose testimony should be preserved through *de bene esse* depositions, including Mr. Bogers and Ms. Forde.[1] In opposing Defendants' attempts to preserve the trial testimony of Mr. Bogers and Ms. Forde, Plaintiffs rely on Federal Rule of Civil Procedure 32(a)(2)(A)(ii), which they argue "requires leave of court to seek a second deposition of any witness." *See* ECF 294. Plaintiffs' argument fails. The Court has *already* determined that the circumstances in this case justify the taking of *de bene esse* depositions. *See* ECF 289. None of the cases cited by Plaintiffs[2] involves a situation where a court has already issued an order instructing the parties to identify any witness whose testimony should be preserved through a *de bene esse* deposition.

---

[1] Plaintiffs have not opposed *de bene esse* depositions of the other two witnesses or the dates for those depositions.

[2] *See, e.g., Joseph Oat Holdings, Inc. v. RCM Digesters, Inc.*, 2010 U.S. Dist. LEXIS 152129, at *1-2 (D.N.J. Mar. 11, 2010) (denying *request* for *de bene esse* deposition); *Donk v. Miller*, 2000 U.S. Dist. LEXIS 1871, at *12-13 (S.D.N.Y. Feb. 22, 2010) (same); *Broker Genius, Inc. v. Seat Scouts LLC*, 2018 U.S. Dist. LEXIS 202502, at *9 (S.D.N.Y. Nov. 29, 2018) (same).

Fried, Frank, Harris, Shriver & Jacobson LLP

August 20, 2021
Page 2

Moreover, "[a]lthough the Federal Rules...make no distinction between depositions taken during the course of discovery and *de bene esse* depositions...courts generally recognize their distinct purposes." *Weist v. E.I. Dupont De Nemours & Co.*, 2009 U.S. Dist. LEXIS 138325, at *5-6 (W.D.N.Y. Aug. 27, 2009); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2005 U.S. Dist. LEXIS 3815, at *18 (S.D.N.Y. Mar. 9, 2005) (Haight, J.) (finding a "distinction between 'discovery depositions' and 'trial depositions'"); *Jerome v. Water Sports Adventure Rentals & Equip., Inc.*, 2013 U.S. Dist. LEXIS 52930, at *2 n.1 (D.V.I. Apr. 12, 2013) (ordering *de bene esse* depositions rather than live video trial testimony and recognizing that *de bene esse* depositions fulfill "a different purpose than the taking of a discovery deposition") (citation omitted). "The purpose of a discovery deposition is to discover information; the purpose of a *de bene esse* deposition is to preserve testimony for trial." *Butts v. U.S.*, 2017 U.S. Dist. LEXIS 159175, at *6 n.2 (N.D. W. Va. May 8, 2017) (citation omitted). Ample precedent exists for taking *de bene esse* depositions of witnesses who have already been deposed during discovery. In *Manley v. AmBase Corp.*, a witness was deposed "as part of the discovery process and again pursuant to a de bene esse proceeding ordered by the court when it appeared that the eighty-year old California resident would not travel to New York for the trial." 337 F.3d 237, 246-47 (2d Cir. 2003). Similarly, in *Mazzoni v. Long Island R.R. Co.*, the defendant's employee who sat for a discovery deposition gave *de bene esse* testimony after the witness moved to another country. 2018 U.S. Dist. LEXIS 100494, at *2-3 (S.D.N.Y. June 15, 2018) (Cott, M.J.).

Finally, Plaintiffs argue that it would give Defendants a "second bite at the apple" if they are permitted to take the *de bene esse* depositions of Mr. Bogers and Ms. Forde. ECF 294. There was no first bite. "[A]ttorneys do not normally depose their own witness for discovery purposes, because they already know what these witnesses will say when they testify." *Weist*, 2009 U.S. Dist. LEXIS 138325, at *1, 6. Where, as here, only the adverse party has questioned a witness during the discovery deposition, courts do not hesitate to permit a *de bene esse* deposition to preserve trial testimony. *See Lofgren v. BNSF Ry. Co.*, 231 F. Supp. 3d 322, 323-24 (D.N.D. 2017) (permitting trial deposition despite opportunity to question deponent during discovery deposition because "[g]enerally, lawyers do no depose friendly witnesses for purposes of discovery"); *Lucas v. Pactiv Corp.*, 2009 U.S. Dist. LEXIS 120157, at *1, 2 (W.D. Va. Dec. 22, 2009) (allowing *de bene esse* depositions because the prior discovery depositions "were not necessarily structured in the format which the plaintiff would like to present the witnesses' testimony at trial"); Judge Joseph E. Irenas, *De Bene Esse Depositions* (June 7, 2002), https://www.uscourts.gov/file/17564/ (explaining that, "[a]s a practical matter," during a discovery deposition "there is little or no examination of the witness by the party who intends to offer his or her testimony"). Thus, there is no merit to Plaintiffs' contention that Defendants should have conducted trial examinations of former Perrigo employees like these individuals during Plaintiffs' discovery depositions of those witnesses.

Defendants respectfully request that the Court deny Plaintiffs' request for the Court to prohibit Defendants from conducting *de bene esse* depositions of Mr. Bogers and Ms. Forde.

Respectfully yours,

/s/ Samuel P. Groner
Samuel P. Groner

*[handwritten note: The plaintiffs' objection to the de bene esse depositions of Bogers and Forde is sustained. There shall be no second deposition of any witness. /s/ Denise Cote 8/20/21]*

cc: Counsel for all parties (*via* ECF)