```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
IN RE PERRIGO COMPANY PLC SECURITIES :          19cv70 (DLC)
LITIGATION                           :
                                     :        OPINION AND ORDER
------------------------------------ X
```

APPEARANCES:

For the plaintiffs:
Saxena White P.A.
Steven B. Singer
Kyla Grant
Joshua H. Saltzman
10 Bank Street, Suite 882
White Plains, NY 10606

Maya Saxena
Joseph E. White, III
Lester R. Hooker
Brandon T. Grzandziel
7777 Glades Road, Suite 300
Boca Raton, FL 33434

Klausner Kaufman Jensen & Levinson
Robert D. Klausner
7080 Northwest 4th Street
Plantation, FL 33317

For defendant Perrigo Company PLC:
Fried, Frank, Harris, Shriver & Jacobson LLP
Samuel P. Groner
Samuel M. Light
One New York Plaza
New York, NY 10004

James D. Wareham
James E. Anklam
Katherine L. St. Romain
801 17th Street, NW
Washington, DC 20006

For defendant Murray S. Kessler:
Simpson Thacher & Bartlett LLP

Joseph M. McLaughlin
Amy L. Dawson
425 Lexington Avenue
New York, NY 10017

For defendant Ronald L. Winowiecki:
Dechert LLP
Hector Gonzalez
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036

Angelia Liu
35 West Wacker Drive
Suite 3400
Chicago, IL 60601


DENISE COTE, District Judge:

Investors in Perrigo Company PLC ("Perrigo") bring this class action for securities fraud.  They assert that Perrigo was required to disclose in its November 8, 2018 Form 10-Q that the taxing authority in Ireland ("Irish Revenue"), in an Audit Findings Letter of October 30, 2018, took the position that Perrigo owed approximately $1.9 billion in taxes.  According to Irish Revenue, Perrigo had failed in 2013 to apply a "capital treatment" to certain proceeds of a corporate transaction.  An Opinion of July 11, 2021 excluded Perrigo's accounting expert from testifying at the trial scheduled for this Fall because he argued that Accounting Standards Codification ("ASC") 740 and not 450 provided the relevant accounting standard for the disclosure in the Form 10-Q.  In re Perrigo Company PLC Securities Litigation, No. 19CV70 (DLC), 2021 WL 2935027

(S.D.N.Y. July 11, 2021) ("Daubert Opinion").  An Opinion of
July 15 granted summary judgment to plaintiffs on two of the
issues in this securities fraud case:  falsity and materiality.
In re Perrigo Company PLC Securities Litigation, No. 19CV70
(DLC), 2021 WL 3005657 (S.D.N.Y. July 15, 2021) ("Summary
Judgment Opinion").  The Daubert and Summary Judgment Opinions
are incorporated by reference, and familiarity with the Opinions
is assumed.

On July 26, the defendants moved for partial
reconsideration.  The motion became fully submitted on August
16.  The defendants seek reconsideration of the grant of summary
judgment as to falsity.  That motion is denied.  They also seek
reinstatement of Perrigo's expert as a witness at trial,
including for testimony regarding the correct application of ASC
450.  The parties will be given a further opportunity to
address, under the standards outlined below, whether and to what
extent either expert witness may address the jury on the
application of ASC 450.

## Discussion

The standard for granting a motion for reconsideration is
"strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir.
2021) (citation omitted).  A motion for reconsideration is "not
a vehicle for relitigating old issues, presenting the case under
new theories, securing a rehearing on the merits, or otherwise

taking a second bite at the apple." <u>Analytical Surv., Inc. v.</u>
<u>Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citation
omitted). "[R]econsideration will generally be denied unless
the moving party can point to controlling decisions or data that
the court overlooked." <u>Cho</u>, 991 F.3d at 170 (citation omitted).
"A party may . . . obtain relief only when the party identifies
an intervening change of controlling law, the availability of
new evidence, or the need to correct a clear error or prevent
manifest injustice." <u>Id.</u> (citation omitted).

　　　The defendants principally argue that the Summary Judgment
and <u>Daubert</u> Opinions erred in concluding that ASC 450 and not
ASC 740 applies here. They have not satisfied the standard for
a motion for reconsideration. The defendants largely rely on a
misconstruction of the two rulings or repeat arguments that have
already been presented and rejected. Notably, they fail to
address the full set of reasons in the two Opinions given in
support of the determination that ASC 450 provides the relevant
standard.

　　　Defendants emphasize that the <u>Daubert</u> Opinion explained
that ASC 450 is a topic within that section of the ASC devoted
to Liabilities. The defendants argue that guidance from the
Financial Accounting Standards Board explains that the location
of a particular ASC within the larger framework cannot be used

to exclude application of an otherwise applicable standard.[1]  The defendants' argument misconstrues the Daubert Opinion.  The Opinion did not conclude either that ASC 450 applied or ASC 740 did not apply simply because of its location within the ASC framework.  Those descriptions of the framework were simply part of a larger discussion of the substance of each standard.  The substance of each standard, applied to the context in which the Form 10-Q was issued, drove the rulings.

To the extent that the defendants point out errors in the Opinions' analysis (e.g., misconstruction of accounting firm guidance and confusion of a tax on capital with income taxed at a capital gains rate; failure to acknowledge that ASC 740 applies as well to previously filed tax returns), the purported errors exist at the margin of the analysis.  The core analysis contained in the Opinions remains valid.  Once the Audit Findings Letter was issued, Perrigo's disclosure of its contingent liability was governed by the standards set out in ASC 450.  The exception within ASC 450 for "uncertainty in income taxes" does not apply to the disclosure of contingent

---

[1] See Financial Accounting Standards Board, "How to Use the Codification" at 5 (Nov. 2, 2019), https://asc.fasb.org/cs/ContentServer?c=Document_C&cid=117580512 1281&d=&pagename=FAF%2FDocument_C%2FCodDocumentPage&sitepfx=FAF. ("The higher levels in the Codification's hierarchical structure exist merely to contain and organize Section-level content and do not add anything to what is in the Sections.").

liabilities and does not direct a disclosing party to ASC 740. Thus, the defendants have not succeeded in showing that ASC 740 rather than ASC 450 governed Perrigo's disclosure obligations in the Form 10-Q.

The defendants next request that this Court reconsider the grant of summary judgment on the issue of falsity. The Summary Judgment Opinion found that "the defendants d[id] not argue that the disclosure in the November 2018 Form 10-Q complied with ASC 450." In re Perrigo Company PLC Securities Litigation, No. 19CV70 (DLC), 2021 WL 3005657, at *7 (S.D.N.Y. July 15, 2021). Instead, as the Opinion notes, the defendants argued in opposition to the plaintiffs' motion for summary judgment that ASC 450 did not govern their disclosure requirements. Id. Since there is no basis to revisit the ruling that ASC 450 is the governing standard, the grant of summary judgment on the issue of falsity will not be revisited.

In moving for reconsideration, the defendants do not point to any portion of their brief in opposition to the plaintiffs' motion for summary judgment that the Summary Judgment Opinion overlooked. Nor do they assert that the statement in that Opinion which is cited above was in error. Instead, they ask the Court to look to three different documents. They ask the Court to consider those portions of their expert's report that discusses ASC 450 and certain testimony from Jay Preston that

the defendants cited in support of their own motion for summary
judgment.  A motion for reconsideration is not an opportunity
for a second bite at the apple.  If either of these documents
raised a question of fact regarding Perrigo's compliance with
ASC 450 then Perrigo was obligated to point to those materials
when it opposed the plaintiffs' motion for summary judgment.
Having failed to do so, they may not now rely on them.[2]

As a third item, the defendants point out that on July 13
it publicly disclosed that Irish Revenue had reduced its tax
assessment by over $700 million.  ASC 450 required Perrigo to
disclose "an estimate of the possible loss or range of loss or a
statement that such an estimate cannot be made."  ASC-450-20-50-
4.  The fact that Irish Revenue may today seek a different
amount of money from Perrigo does not govern Perrigo's
disclosure obligations in 2018.  Nor does it alter the fact that
the Audit Findings Letter gave Perrigo a basis to provide an

---

[2] In any event, neither document raises a question of fact as to
whether Perrigo complied with ASC 450.  While the expert report
does contain a discussion of ASC 450, much of that discussion is
in support of Perrigo's argument that ASC 450 does not mean what
it says and does not apply, that Perrigo's initial tax treatment
of the transaction proceeds was correct, or that the plaintiffs'
expert report contains errors or omissions.  As for Perrigo's
memorandum in support of its own motion for summary judgment,
its citation to Preston's testimony relates to Perrigo's good
faith reliance on Preston and others and not to an argument that
it actually complied with ASC 450.  Similarly, the Preston
deposition testimony to which that memorandum cites does not
raise a question of fact as to Perrigo's compliance with ASC
450.

estimate of its "possible" loss.  Therefore, any recent determination by Irish Revenue to seek only about $1 billion but not $1.9 billion in unpaid taxes does not provide a basis to revisit the summary judgment ruling regarding falsity.

Finally, Perrigo asks that its expert be permitted to testify about ASC 450 to the extent his report addressed the application of that standard.  It makes this request when it seeks reconsideration of summary judgment on the issue of falsity, but that request raises a separate issue as well.  Even though the summary judgment ruling will not be disturbed, there is a question of the extent to which the testimony of any expert at trial regarding ASC 450 is admissible.

An expert's testimony is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702; see Daubert v. Merrell Dow Pharms., Inc. 509 U.S. 579, 591 (1993).  Expert testimony that usurps the role of the court in instructing the jury as to the applicable law or invades the prerogative of the jury to apply that law to the facts established at trial, however, must be excluded.  See Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 20 (2d Cir. 2021); United States v. Lumpkin, 192 F.3d 280, 289 (2d Cir. 1999).  In particular, an expert may not simply parrot for a jury a party's legal arguments.  Choi, 2 F.4th at 20.

The issues remaining for trial include, most prominently, the issues of scienter, economic loss and loss causation.  The Court will instruct the jury on ASC 450 and define the terms contained within that standard.  The parties' requests to charge may include proposed instructions relevant to ASC 450 and its provisions.

The parties shall identify to each other by September 3 any portion of their own expert's report(s) that they contend remain the appropriate basis for expert testimony at trial in light of the rulings that ASC 450 is the governing accounting standard and the Form 10-Q contained a false statement and/or material omission when measured by that standard.  Any testimony from an expert must be relevant and may not invade either the province of the Court in instructing the jury on the governing legal standard or the jury's perogative to find the facts.

## Conclusion

Defendants' July 26, 2021 motion for reconsideration is denied.


Dated:      New York, New York
            August 24, 2021

                                    _____
                                            DENISE COTE
                                    United States District Judge