```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
IN RE: PERRIGO COMPANY PLC SECURITIES    :      19cv70 (DLC)
LITIGATION                               :
                                         :           ORDER
---------------------------------------- X
```

DENISE COTE, District Judge:

On August 23, the plaintiffs objected to the defendants taking the de bene esse deposition of Donal O'Connor, which is now scheduled to occur on August 29, on the ground that they just learned that Perrigo had never treated him as a document custodian, searched his files, and produced relevant documents from those files.  The plaintiffs had not objected to this deposition on August 19, when they objected to the de bene esse depositions of two other individuals.

During the discovery period, Perrigo did not give the plaintiffs fair notice that they may rely at trial on O'Connor's testimony.  Perrigo's initial disclosures and its answer to the interrogatory addressed to its 18th affirmative defense, which concerned the persons on whom Perrigo had relied regarding its disclosure obligations, did not give the plaintiffs notice that O'Connor was a person with knowledge of Perrigo's disclosure obligations or that he was someone on whom Perrigo had relied regarding those obligations.  He was listed merely as one among many who "may" have received information about those

obligations.  Under the ESI Order, Perrigo was required to identify all person whose files are likely to contain documents and ESI relating to the subject matter of this litigation.  It did not identify O'Connor.

The defendants contend that their right to present evidence in their defense will be seriously undermined if they cannot take the O'Connor deposition.  This is a securities fraud action and the defendants will apparently rely on O'Connor to establish that they acted without scienter in making disclosures to investors.  The defendants also appear to take the position in their letter of today that it is unlikely that a search of O'Connor's files would result in the discovery of any relevant documents not already produced, since Perrigo has already produced responsive, non-privileged records distributed to its Board members, which included O'Connor.

It is hereby

ORDERED that the O'Connor deposition may proceed as scheduled.

IT IS FURTHER ORDERED that Perrigo shall conduct on an expedited basis a search of the O'Connor files to the extent those files would have been searched if Perrigo had identified O'Connor as a record custodian, and promptly produce all responsive, non-privileged documents recovered from that search,

whether or not those documents have been previously produced to the plaintiffs.  The parties shall discuss a schedule by which that production shall be made and a date by which the plaintiffs shall advise the defendants whether it wishes to reopen the O'Connor deposition.

Dated:    New York, New York
          August 24, 2021

                                      _____
                                          DENISE COTE
                                   United States District Judge