UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE PERRIGO COMPANY PLC SECURITIES
LITIGATION

No. 1:19-cv-70-DLC

Class Action

EXHIBIT A

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *In Re Perrigo Company plc Securities Litigation*, 19-CV-70 (DLC) (the "Action");

WHEREAS, by Order entered September 25, 2020, this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired publicly traded common stock of Perrigo Company plc ("Perrigo") in the United States, from November 8, 2018 to December 20, 2018, inclusive, and who were damaged thereby (the "Class");[1]

WHEREAS, by Order entered November 20, 2020, the Court approved the proposed form and content of notices to be disseminated to the Class, and approved the proposed method for dissemination of those notices (the "Class Notice Order");

WHEREAS, pursuant to the Class Notice Order, notice was disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the

---

[1] Excluded from the Class definition are: Defendants, the officers and directors of Perrigo at all relevant times, members of their immediate families, and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest.

Class; and (c) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, (a) The City of Boca Raton General Employees' Pension Plan and Palm Bay Police and Firefighters' Pension Fund (collectively, "Lead Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class (defined below), and (b) Defendants Perrigo Company plc ("Perrigo," or the "Company") and Murray S. Kessler and Ronald L. Winowiecki, ("Individual Defendants" and, together with Perrigo, "Defendants"), have entered into a Stipulation and Agreement of Settlement dated October 4, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement

Hearing") on February 16, 2022 at 10:00 a.m. in Courtroom 18B, of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, or by telephonic, video conferencing, or other electronic means, as posted on the website of the Claims Administrator for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. ("A.B. Data" or the "Claims Administrator"), which was previously approved by the Court to administer the dissemination of the Class Notice, and to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      not later than twenty-one (21) calendar days after the date of entry of this

Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to members of the Class who or which may be identified through reasonable efforts;

        (b)     contemporaneously with the mailing of the Settlement Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website for this Action, www.PerrigoSecuritiesClassAction.com, from which copies of the Settlement Notice and Claim Form can be downloaded;

        (c)     not later than 7 calendar days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

        (d)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

     5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of the Class Members' right to object to the Settlement, the Plan of

Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

6.     **Nominee Procedures** – In connection with the previously disseminated Class Notice, Brokers and other nominees ("Nominees") were advised that, if they purchased or otherwise acquired Perrigo common stock traded in the United States during the Class Period for the benefit of another person or entity, they must either: (a) within seven (7) calendar days of receipt of the Notice request from A.B. Data sufficient copies of the Claims Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Settlement Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Claims Notice, send a list of the names and addresses of all such beneficial owners to A.B. Data.

(a)     for Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), A.B. Data shall forward the same number of Settlement Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

5

(b)    for Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data), A.B. Data shall promptly mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired Perrigo common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data, such Nominees need not take any further action;

(c)    for Nominees who purchased or otherwise acquired Perrigo common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data, or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to A.B. Data, such Nominees shall within seven (7) calendar days of receipt of the Settlement Notice, provide a list of the names and addresses of all such beneficial owners to A.B. Data, or shall request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from A.B. Data, mail to the beneficial owners; and

7.    Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund

must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online at the Settlement website no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete, must contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

10.     Any Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating

in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.     **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

12.     **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel's representative, at the address set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

13.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for

attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided,*
*however,* that no Class Member shall be heard or entitled to contest the approval of the terms and
conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for
attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a
written objection with the Court and served copies of such objection on Lead Counsel at the
address set forth below such that they are received no later than twenty-one (21) calendar days
prior to the Settlement Hearing.

Clerk's Office

U.S. District Court,
Southern District of New York
No. 1:19-cv-00070-DLC
Daniel Patrick Moynihan
United States Courthouse,
Courtroom 18B, 500 Pearl St.,
New York, NY 10007

Lead Counsel

Joseph E. White, III
Saxena White P.A.
7777 Glades Road
Suite 300
Boca Raton, FL 33434

14. Any objections, filings, and other submissions by the objecting Class Member:
(a) must state the name, address, and telephone number of the person or entity objecting and must
be signed by the objector; (b) must contain a statement of the Class Member's objection or
objections, and the specific reasons for each objection, including any legal and evidentiary support
the Class Member wishes to bring to the Court's attention; and (c) must include documents
sufficient to prove membership in the Class, including the number of shares of Perrigo common
stock that the objecting Class Member purchased/acquired and sold during the Class Period, as
well as the dates and prices of each such purchase/acquisition and sale, and the number of shares
held at the beginning of the Class Period. Objectors who enter an appearance and desire to present
evidence at the Settlement Hearing in support of their objection must include in their written

objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

15.     Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

16.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

17.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court. Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $300,000 without further approval of the Court.

18.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank for which The Huntington National Bank will serve as the Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

19.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of September 2, 2021 as provided in the Stipulation.

21.    **Use of this Order** – Neither this Order nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate this Settlement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

   (a) shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other

wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees (aa) that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.   **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to

the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

23.    **CAFA Notice** – Perrigo shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Perrigo is solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than fourteen (14) calendar days after serving such notice, Perrigo shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

24.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _29th_ day of _October_, 2021.

_____
The Honorable Denise L. Cote
United States District Judge

Copies:

Counsel of Record

Case 1:19-cv-00070-DLC   Document 317-1   Filed 10/22/21   Page 59 of 98

# EXHIBIT

# A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-CV-70 (DLC)<br><br>EXHIBIT A-1 |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO:  **All persons or entities who purchased or otherwise acquired publicly traded Perrigo Company plc Corporation ("Perrigo" or the "Company") common stock in the United States during the period November 8, 2018 to December 20, 2018, inclusive, (the "Class Period"), and were damaged thereby.**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF SETTLEMENT:  Please be advised that the Court-appointed Lead Plaintiffs, The City of Boca Raton General Employees' Pension Plan and Palm Bay Police and Firefighters' Pension Fund ("Lead Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class (as defined below), have reached a proposed settlement of the Action for $31,900,000.00 that, if approved, will resolve all claims in the Action (the "Settlement").

This notice is directed to you in the belief that you may be a member of the Class.  If you do not meet the Class definition, this notice does not apply to you.

**PLEASE READ THIS NOTICE CAREFULLY.  This notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Perrigo, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 76 below).**

1.     **Description of the Action and the Class:**  This notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Perrigo, Murray S. Kessler ("Kessler"), and Ronald L. Winowiecki ("Winowiecki" and, together with Kessler, the "Individual Defendants," and together with Perrigo, "Defendants") violated the federal securities laws by making false and misleading statements or omissions in Perrigo's SEC Form 10-Q for the third quarter of 2018 related to the receipt of an audit findings letter from the Irish Office of the Revenue Commissioners ("Irish Revenue").  A more detailed description of the Action is set forth in paragraphs 11-16 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class.

2. **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $31,900,000.00 (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund")) less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 43-46 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of publicly traded Perrigo common shares in the United States ("Perrigo Stock") during the Class Period that may have been affected by the alleged conduct at issue in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per allegedly damaged share is $3.10. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Perrigo Stock and the total number and recognized loss amount of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 43-46 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Alleged Damages Per Share:** Based on Lead Plaintiffs' damages expert's estimate, had Lead Plaintiffs prevailed at trial on all of their claims, and also prevailed on the expected appeal that would follow such trial, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per allegedly damaged share would be $13.52. However, the Parties do not agree on the average amount of alleged damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel Saxena White P.A. will apply to the Court for an award of attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Fund, including any interest earned thereon. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $1,100,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. Estimates of the average recovery per allegedly damaged Perrigo Stock, if the Court approves Lead Counsel's fee and expense application, is $1.96 per allegedly damaged share.

6.  **Identification of Attorney Representatives:** Lead Plaintiffs and the Class are represented by Joseph E. White, III, 7777 Glades Road, Suite 300, Boca Raton, FL 33434, (561-394-3399), jwhite@saxenawhite.com.

7.  **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Among other things, Lead Plaintiffs faced the very real risk that they would not be able to establish that Defendants acted with fraudulent intent, or the necessary state of mind. Indeed, Defendants intended to offer evidence they relied in good faith on the professional advice of their outside counsel and independent auditors when making the disclosure decisions that were at issue in the case. Defendants also intended to offer evidence that they lacked any motive to commit securities fraud, as no Perrigo executives engaged in any insider selling during the Class Period, and in fact certain Defendants purchased stock during that time period. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or no recovery at all – might be achieved after a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation included consultation with experts concerning the amount of damages allegedly suffered by the Class; detailed review of Perrigo's public filings, including SEC filings, press releases, and other public statements; deposing fact and expert witnesses; collecting from Defendants and reviewing more than 81,000 pages of documents; and researching the applicable law with respect to the claims asserted in the complaint filed in this Action and the potential defenses thereto.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **FILE A CLAIM** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 24 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 25 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **ATTEND A HEARING** | Filing a written objection and notice of intention to appear by ____, 202_, allows you to speak in Court, at the |

| | discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| **DO NOTHING** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?     Page __

What Is This Case About?     Page __

How Do I Know If I Am Affected By The Settlement?

    Who Is Included In The Class?     Page __

What Are Lead Plaintiffs' Reasons For The Settlement?     Page __

What Might Happen If There Were No Settlement?     Page __

How Are Class Members Affected By The Action

    And The Settlement?     Page __

How Do I Participate In The Settlement? What Do I Need To Do?     Page __

How Much Will My Payment Be?     Page __

What Payment Are The Attorneys For The Class Seeking?

    How Will The Lawyers Be Paid?     Page __

When And Where Will The Court Decide Whether To Approve The Settlement?

    Do I Have To Come To The Hearing? May I Speak At The Hearing If I

    Don't Like The Settlement?     Page __

What If I Bought Perrigo Stock On Someone Else's Behalf?     Page __

Can I See The Court File? Whom Should I Contact If I Have Questions?     Page __

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Settlement Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Perrigo common stock during the Class Period. The Court has directed us to send you this notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

4

9.    The purpose of this Settlement Notice is to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). See paragraph 64 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Settlement Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.    If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.    Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    After the stock market closed on December 20, 2018, Perrigo announced that on November 29, 2018, its subsidiary received a Notice of Amended Assessment from the Irish Office of the Revenue Commissioners ("Irish Revenue"), Ireland's tax authority, assessing Perrigo with a €1.636 billion (approximately $1.9 billion) tax liability, not including interest or any applicable penalties.    The price of shares of Perrigo Stock declined the following day, from closing at $52.36 per share on December 20, 2018 to closing at $37.03 per share on December 21, 2018.

12.    On January 3, 2019, investors filed a federal securities class action alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.    On March 26, 2019, the Court issued an order appointing the City of Boca Raton General Employees' Pension Plan, and Palm Bay Police and Firefighters' Pension Fund as "Lead Plaintiffs" pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").    In the same order, the Court approved Lead Plaintiffs' selection of Saxena White P.A. as Lead Counsel for the Class.

13.    The Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") was filed on May 31, 2019.    The Complaint alleges, among other things, that during the period of November 8, 2018 up to and including December 20, 2018 (the "Class Period"), the Defendants allegedly made material misrepresentations and omissions to investors regarding the €1.636 billion tax liability assessed by Irish Revenue.    The Complaint alleges that, among other things, unbeknownst to investors, (i) on October 30, 2018, Perrigo received an "Audit Findings Letter" from Irish Revenue detailing its findings from its year-long audit of transactions in which Perrigo sold its rights to the multiple sclerosis drug Tysabri® for a total of approximately $6 billion; (ii) the Audit Findings Letter informed Perrigo that it owed €1,636,047,646 billion in back taxes; and (iii) on November 29, 2018, Perrigo received from Irish Revenue a Notice of Amended Assessment in the exact same amount listed in the Audit Findings Letter.    The Complaint alleges that the Defendants misled the investing public in its Form 10-Q filed on November 8, 2018 by disclosing only that Perrigo had received "an audit finding letter" from Irish Revenue (without disclosing the amount of tax liability stated in the letter) and by falsely claiming that any resulting tax assessment "cannot be quantified at this stage."    The Complaint asserts that Defendants' misrepresentations and omissions caused Perrigo shareholders to purchase their stock at artificially inflated prices and suffer damages when the Notice of Amended Assessment was

disclosed to the market.  The action was placed on the trial-ready calendar for the week of October 11, 2021.

14.     Based on their investigation, discovery, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

15.     The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.   The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

16.     On _____, 202_, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

17.     The action was placed on the trial-ready calendar for the week of October 11, 2021.  Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, Defendants would assert that they relied on the advice of their counsel when making the alleged misstatements and therefore lacked sufficient knowledge of the falsity of their statements (also known as scienter).  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Lead Plaintiffs would have to prevail at an imminent trial, and even if they prevailed at this trial, they would have to prevail on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

18. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. The $31.9 million Settlement Amount represents a recovery exceeding 22% of maximum provable damages of $142 million. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, as compared to the risk that the claims in the Action would produce a smaller or no recovery after trial and appeals, possibly years in the future.

19. Defendants have denied the claims asserted against them in the Action and in the Complaint deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

20. If there were no Settlement and Lead Plaintiffs failed to establish, either at trial or on appeal, any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants. Among other things, Lead Plaintiffs faced the very real risk that they would not be able to establish that Defendants acted with fraudulent intent, or the necessary state of mind. Indeed, Defendants intended to offer evidence they relied in good faith on the professional advice of their outside counsel and independent auditors when making the disclosure decisions that were at issue in the case. Defendants also intended to offer evidence that they lacked any motive to commit securities fraud, as no Perrigo executives engaged in any insider selling during the Class Period, and in fact certain Defendants purchased stock during that time period. Defendants also intended to offer evidence that Lead Plaintiffs could not establish loss causation and damages, either in part or in full. In light of these circumstances, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

21. As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

22. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

23. If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective

Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claims (as defined in paragraph 24 below) against the Defendants and the other Defendants' Releasees (as defined in paragraph 25 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

24. "Released Plaintiffs' Claims" means, all claims, demands, losses, rights, and causes of action of any nature whatsoever, whether known or Unknown Claims, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Lead Plaintiffs, the Class, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants or against Mr. Roehrhoff, which: (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, including, but not limited to, claims arising from statements or omissions in Perrigo's (i) annual report for the fiscal year ending December 31, 2017, filed on Form 10-K on March 1, 2018; (ii) definitive proxy statement filed on Schedule 14A with the SEC on March 23, 2018; (iii) quarterly report for the first quarter of 2018 filed on Form 10-Q on May 8, 2018; (iv) quarterly report for the second quarter of 2018 filed on Form 10-Q on August 9, 2018; and (v) quarterly report for the third quarter of 2018 filed on 2018 Form 10-Q on November 8, 2018; and (b) arise out of, are based upon, or relate to in any way to the purchase, acquisition, holding, sale, or disposition of any Perrigo securities during the Class Period or during the expanded class period of March 1, 2018 through December 20, 2018, inclusive, as alleged in the Complaint. Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlement (the "Excluded Plaintiffs' Claims"). This settlement does not involve or release the claims asserted in *Roofers' Pension Fund v. Papa, et al.*, No. 16-cv-02805 (D.N.J.).

25. "Defendants' Releasees" means Defendants; the present and former parents, subsidiaries, divisions, and affiliates of Perrigo (each a "PRGO Affiliate"); the present and former employees, officers and directors of Perrigo and of each PRGO Affiliate; Mr. Roehrhoff; the present and former attorneys, accountants, insurers and agents of each of the Defendants, the PRGO Affiliates, the present and former employees, offices and directors of Perrigo; and the predecessors, heirs, successors and assigns of each.

26. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff, the Class, or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the Class, the other Class Members, and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by

operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly settle and release, and the Class and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment, shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the Class and the other Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a key element of the Settlement.

27.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 28 below) against any of the Plaintiffs' Releasees (as defined in paragraph 29 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

28.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement (the "Excluded Defendants' Claims").

29.   "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Class Members.

30.   The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Class Member against any of the

Defendants' Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

31. The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

32. To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation. The Claim Form and documentation can be submitted by mail or online at the Settlement website, www.PerrigoSecuritiesClassAction.com. The Claim Form must be postmarked or submitted online no later than _____, 202_. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.PerrigoSecuritiesClassAction.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (877) 884-4197. Please retain all records of your ownership of and transactions in Perrigo Stock, as they may be needed to document your Claim. If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

33. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement, except to state that each Class Member will receive his, her, or its *pro rata* share.

34. Pursuant to the Settlement, Perrigo has agreed to pay $31,900,000.00. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes (including any interest or penalties thereon) on any income earned by the Settlement Fund, the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants), and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

35. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

36. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final. Defendants shall not have any liability,

obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

37.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

38.  Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or submitted online on or before _____, 202_, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 24 above) against the Defendants' Releasees (as defined in paragraph 25 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

39.  Participants in and beneficiaries of a Perrigo-sponsored plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Perrigo Stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares of Perrigo Stock that they purchased or acquired outside of the Perrigo-sponsored ERISA Plan.

40.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

41.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

42.  Only Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

43.  The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

44.  The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Perrigo common stock to be artificially inflated throughout the Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Perrigo common stock in reaction to certain public announcements allegedly

revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

45.  In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Perrigo common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between November 8, 2018 and December 20, 2018, inclusive, which had the effect of artificially inflating the price of Perrigo common stock.  Lead Plaintiffs further allege that corrective information was released to the market on December 20, 2018 (after market close), which removed the artificial inflation from the price of Perrigo common stock on December 21, 2018.

46.  Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Perrigo common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired Perrigo common stock during the Class Period must have held those shares through at least the end of day on December 20, 2018.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

47.  Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of publicly traded Perrigo common stock made in the United States that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

48.  For each share of publicly traded Perrigo common stock purchased or otherwise acquired in the United States during the Class Period  (i.e., during the period from November 8, 2018 through and including the close of trading on December 20, 2018), and:

    i.  sold before December 21, 2018, the Recognized Loss Amount will be $0.00.

    ii.  sold from December 21, 2018 through and including the close of trading on March 20, 2019, the Recognized Loss Amount will be *the least of:* (i) $14.63, the amount of artificial inflation per share on the date of purchase/acquisition; (ii) the purchase/acquisition price minus the average closing price between December 21, 2018 and the date of sale as stated in Table A below; or (iii) the purchase/acquisition price minus the sale price.

    iii.  held as of the close of trading on March 20, 2019, the Recognized Loss Amount will be *the lesser of:* (i) $14.63, the amount of artificial inflation per share on the date of purchase/acquisition; or (ii) the purchase/acquisition price minus $45.90.[1]

---

[1] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price

## ADDITIONAL PROVISIONS

49. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Perrigo common stock.

50. The Net Settlement Fund will be allocated among all Authorized Claimants whose Recognized Claim is $10.00 or greater.

51. **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of Perrigo common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

52. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Perrigo common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Perrigo common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Perrigo common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Perrigo common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Perrigo common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Perrigo common stock.

53. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Perrigo common stock. The date of a "short sale" is deemed to be the date of sale of the Perrigo common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

54. In the event that a Claimant has an opening short position in Perrigo common stock, the earliest purchases or acquisitions of Perrigo common stock during the Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

55. **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Perrigo common stock purchased or sold through the exercise of an option, the purchase/sale date

---

of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Perrigo common stock during the "90-day look-back period," December 21, 2018 through and including March 20, 2019. The mean (average) closing price for Perrigo common stock during this 90-day look-back period was $45.90.

of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

56. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. The pro rata share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

57. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed pro rata to all Authorized Claimants entitled to receive payment.

58. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

59. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

60. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Neither Plaintiffs' Releasees nor Defendants' Releasees shall have any responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

61.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.PerrigoSecuritiesClassAction.com.

## TABLE A

| **90-Day Look-back Table for Perrigo Common Stock Closing Price and Average Closing Price December 21, 2018 through March 20, 2019** | | | | | |
|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price between December 21, 2018 and Date Shown | Date | Closing Price | Average Closing Price between December 21, 2018 and Date Shown |
| 12/21/2018 | $37.03 | $37.03 | 2/6/2019 | $47.40 | $43.71 |
| 12/24/2018 | $36.50 | $36.77 | 2/7/2019 | $46.54 | $43.80 |
| 12/26/2018 | $40.70 | $38.08 | 2/8/2019 | $47.63 | $43.92 |
| 12/27/2018 | $39.62 | $38.46 | 2/11/2019 | $47.00 | $44.01 |
| 12/28/2018 | $39.92 | $38.75 | 2/12/2019 | $48.42 | $44.13 |
| 12/31/2018 | $38.75 | $38.75 | 2/13/2019 | $48.32 | $44.25 |
| 1/2/2019 | $40.50 | $39.00 | 2/14/2019 | $48.60 | $44.37 |
| 1/3/2019 | $39.87 | $39.11 | 2/15/2019 | $48.95 | $44.49 |
| 1/4/2019 | $42.32 | $39.47 | 2/19/2019 | $49.55 | $44.62 |
| 1/7/2019 | $44.03 | $39.92 | 2/20/2019 | $48.94 | $44.72 |
| 1/8/2019 | $44.92 | $40.38 | 2/21/2019 | $48.32 | $44.81 |
| 1/9/2019 | $44.20 | $40.70 | 2/22/2019 | $48.94 | $44.91 |
| 1/10/2019 | $43.90 | $40.94 | 2/25/2019 | $48.81 | $45.00 |
| 1/11/2019 | $45.34 | $41.26 | 2/26/2019 | $48.29 | $45.08 |
| 1/14/2019 | $45.72 | $41.55 | 2/27/2019 | $47.06 | $45.12 |
| 1/15/2019 | $45.20 | $41.78 | 2/28/2019 | $48.70 | $45.20 |
| 1/16/2019 | $44.52 | $41.94 | 3/1/2019 | $50.13 | $45.30 |
| 1/17/2019 | $44.87 | $42.11 | 3/4/2019 | $50.22 | $45.41 |
| 1/18/2019 | $45.97 | $42.31 | 3/5/2019 | $49.71 | $45.49 |
| 1/22/2019 | $44.94 | $42.44 | 3/6/2019 | $47.30 | $45.53 |
| 1/23/2019 | $44.97 | $42.56 | 3/7/2019 | $46.55 | $45.55 |
| 1/24/2019 | $44.87 | $42.67 | 3/8/2019 | $46.50 | $45.57 |
| 1/25/2019 | $45.90 | $42.81 | 3/11/2019 | $47.49 | $45.60 |
| 1/28/2019 | $45.44 | $42.92 | 3/12/2019 | $47.18 | $45.63 |
| 1/29/2019 | $45.74 | $43.03 | 3/13/2019 | $47.77 | $45.67 |
| 1/30/2019 | $46.10 | $43.15 | 3/14/2019 | $47.36 | $45.70 |
| 1/31/2019 | $46.45 | $43.27 | 3/15/2019 | $48.15 | $45.75 |

| 90-Day Look-back Table for Perrigo Common Stock Closing Price and Average Closing Price December 21, 2018 through March 20, 2019 | | | | | |
| Date | Closing Price | Average Closing Price between December 21, 2018 and Date Shown | Date | Closing Price | Average Closing Price between December 21, 2018 and Date Shown |
|---|---|---|---|---|---|
| 2/1/2019 | $46.32 | $43.38 | 3/18/2019 | $48.67 | $45.80 |
| 2/4/2019 | $46.20 | $43.48 | 3/19/2019 | $49.24 | $45.85 |
| 2/5/2019 | $46.83 | $43.59 | 3/20/2019 | $48.35 | $45.90 |

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

62.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33-1/3% of the Settlement Fund.   At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,100,000.00, which may include an application for reimbursement of the reasonable lost wages, costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

63.   Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

64.   The Settlement Hearing will be held on _____, 202_ at __:__ .m., at the United States Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 18B, 500 Pearl St., New York, NY  10007, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

16

65.    Any Class Member may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing and addressed to the Clerk's Office for the United States District Court. You must also serve the papers on the Lead Counsel representative at the address set forth below so that the papers are received on or before _____, 202_.

Clerk's Office

U.S. District Court,
Southern District of New York
No. 1:19-cv-00070-DLC
Daniel Patrick Moynihan
United States Courthouse,
Courtroom 18B, 500 Pearl St.,
New York, NY 10007

Lead Counsel Representative

Joseph E. White, III
Saxena White P.A.
7777 Glades Road
Suite 300
Boca Raton, FL 33434

66.    Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Perrigo Stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of Perrigo Stock held at the beginning of the Class Period. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you are not a member of the Class.

67.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

68.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel at the address set forth in ¶ 65 above so that it is received on or before _____, 202_. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

69.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel at the address set forth in ¶ 65 above so that the notice is received on or before _____, 202_.

70. The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

71. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| WHAT IF I BOUGHT PERRIGO STOCK ON SOMEONE ELSE'S BEHALF? |
|---|

72. **IMPORTANT: If you previously provided the names and addresses of persons and entities on whose behalf you purchased/acquired Perrigo Stock during the period November 8, 2018 to December 20, 2018, inclusive, in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, you need do nothing further at this time. The Claims Administrator will mail a copy of this notice (the "Settlement Notice") and the Claim Form (together, the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.** If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners. If you require more copies of the Settlement Notice Packet than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, A.B. Data Ltd., toll-free at (877) 884-4197 and let them know how many additional packets you require. You must mail the Settlement Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the packets.

73. If you have not already provided the names and addresses for persons and entities on whose behalf you purchased/acquired Perrigo Stock during the period November 8, 2018 to December 20, 2018, inclusive, in connection with the Class Notice, then, the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) send the Settlement Notice Packet to all beneficial owners of such Perrigo Stock, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at Perrigo Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173013, Milwaukee, WI 53217, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (E.G., BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

74. Upon full and timely compliance with these directions, nominees who mail the Settlement Notice Packet to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the

expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

75. Copies of this Settlement Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.PerrigoSecuritiesClassAction.com, or by calling the Claims Administrator toll-free at (877) 884-4197, or by emailing the Claims Administrator at info@perrigosecuritiesclassaction.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

76. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available online via the Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/; to the extent permitted in light of the Court's COVID-19 procedures may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 ; or will be provided by Lead Counsel upon request. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.PerrigoSecuritiesClassAction.com.

All inquiries concerning this Settlement Notice and the Claim Form should be directed to:

|  |  |  |
|---|---|---|
| Perrigo Securities Class Action | and/or | Joseph E. White, III |
| Claims Administrator | | SAXENA WHITE P.A. |
| | | 7777 Glades Road, Suite 300 |
| c/o A.B. Data, Ltd. | | Boca Raton, FL 33434 |
| P.O. Box 173013 | | (561) 394-3399 |
| Milwaukee, WI 53217 | | jwhite@saxenawhite.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 202_

By Order of the Court
United States District Court
Southern District of New York

# EXHIBIT

# A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-cv-70 (DLC)<br><br>EXHIBIT A-2 |

**PROOF OF CLAIM AND RELEASE**

## I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Class based on your claims in the action entitled *In re Perrigo Company plc Securities Litigation,* Case No. 19-cv-70-DLC (S.D.N.Y) (the "Action"), you must complete and, on page 5 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.   Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.   **THIS       CLAIM       FORM       MUST       BE       SUBMITTED       ONLINE       AT WWW.PERRIGOSECURITIESCLASSACTION.COM NO LATER THAN _____ OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, ADDRESSED AS FOLLOWS:**

Perrigo Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173013
Milwaukee, WI 53217
www.PerrigoSecuritiesClassAction.com

4.   If you are a member of the Class you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.   CLAIMANT IDENTIFICATION

1.   If you purchased or otherwise acquired publicly traded common stock of Perrigo Company plc ("Perrigo") in the United States, from November 8, 2018, to December 20, 2018, inclusive, (the "Class Period") and held the securities in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired Perrigo common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner, and the third party is the record owner.

2.   Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Perrigo common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.   All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   IDENTIFICATION OF TRANSACTIONS

1.   Use **Part II** of this form entitled "Schedule of Transactions in Perrigo Common Stock" to supply all required details of your transaction(s) in Perrigo common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Perrigo common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.    Participants in and beneficiaries of a Perrigo-sponsored plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Perrigo common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.

4.    The date of covering a "short sale" is deemed to be the date of purchase of Perrigo common stock. The date of a "short sale" is deemed to be the date of sale.

5.    Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN PERRIGO COMMON STOCK.**

6.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 884-4197 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – <u>CLAIMANT INFORMATION</u>

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name:

Co-Beneficial Owner's Name:

Entity Name (if claimant is not an individual):

Representative or Custodian Name (if different from Benefical Owner(s) listed above):

Address 1 (street name and number):

Address 2 (apartment, unit, or box number):

| City | State | Zip Code/Province Code | Country |
|---|---|---|---|
| | | | |

Social Security Number or Taxpayer Identification Number:

Telephone Number (day):      Telephone Number (evening):

Email Address:

Account Number (if filing for multiple accounts, file a separate Claim Form for each account):

Claimant Account Type (check appropriate box):

| | | | |
|---|---|---|---|
| Individual (includes joint owner accounts) | ☐ | Pension Plan | ☐ |
| Corporation | ☐ | Estate | ☐ |
| IRA/401k | ☐ | Trust | ☐ |

Other_____ (please specify)

## PART II: <u>SCHEDULE OF TRANSACTIONS IN PERRIGO COMMON STOCK</u>

**1. BEGINNING HOLDINGS** – State the total number of shares of Perrigo common stock held as of the opening of trading on November 8, 2018. If none, write "zero" or "0." (Must be documented.)

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Perrigo common stock from after the opening of trading on November 8, 2018, through and including December 20, 2018. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Perrigo common stock purchased/acquired between December 21, 2018, and March 20, 2019, inclusive (Must be documented).

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each sale/disposition of Perrigo common stock from after the opening of trading on November 8, 2018, through and including the close of trading on March 20, 2019. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**5. END HOLDINGS** – State the total number of shares of Perrigo common stock held as of the close of trading on March 20, 2019. If none, write "zero" or "0." (Must be documented.)

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**

Case 1:19-cv-00070-DLC  Document 317-1  Filed 10/29/21  Page 39 of 43

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Perrigo securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Perrigo common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

1.  I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, and that I am (we are) not one of the "Defendants' Releasees" as defined in the accompanying Notice.

2.  As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Defendants' Releasees (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.  I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Perrigo common stock that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

5.  I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
<br>(Month / Year)              (City)             (State/Country)

_____
<br>Signature of Claimant

_____
<br>Signature of Joint Claimant, if any

_____
<br>Print Name of Claimant

_____
<br>Print Name of Joint Claimant, if any

_____
<br>(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

## REMINDER CHECKLIST:

1. Please sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Proof of Claim for your records.

5. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# EXHIBIT

# A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-CV-70 (DLC)<br><br>EXHIBIT A-3 |

**SUMMARY SETTLEMENT NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO: **All persons and entities who purchased or otherwise acquired publicly traded Perrigo Company plc Corporation ("Perrigo" or the "Company") common stock in the United States during the period November 8, 2018 to December 20, 2018, inclusive, (the "Class Period"), and were damaged thereby (the "Class"):**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-Appointed Lead Plaintiffs, The City of Boca Raton General Employees' Pension Plan and Palm Bay Police and Firefighters' Pension Fund, on behalf of themselves and the Court-certified Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement for $31,900,000.00 (the "Settlement"), that, if approved by the Court, will resolve all claims in the Action.

A hearing will be held on _____, 202_ at __:__ _.m., before the Honorable Denise L. Cote at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 18B, 500 Pearl St., New York, NY 10007, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator. The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement (and in the Settlement Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Settlement Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at the address below. Copies of the Settlement Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.PerrigoSecuritiesClassAction.com.

If you are a Class Member, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at the Settlement website or by mail. The Claim Form must be submitted or *postmarked* no later than _____, 202_. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to representatives of Lead Counsel such that they are *received* no later than _____, 202_, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Perrigo, or Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Settlement Notice and Claim Form should be made to:

Claims Administrator
Perrigo Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173013
Milwaukee, WI 53217
www.PerrigoSecuritiesClassAction.com

Inquiries, other than requests for the Settlement Notice and Claim Form, should be made to Lead Counsel:

SAXENA WHITE P.A.
Joseph E. White, III
7777 Glades Road, Suite 300
Boca Raton, FL 33434
jwhite@saxenawhite.com

Dated: _____, 202_

By Order of the Court
United States District Court
Southern District of New York