**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-CV-70 (DLC) |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSING LITIGATION EXPENSES

WHEREAS, this matter came on for hearing on February 16, 2022 (the "Settlement Hearing") on Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing, substantially in the form approved by the Court, was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing, substantially in the form approved by the Court, was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and reimbursement of litigation expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement, dated October 22, 2021 (ECF No. 317-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Plaintiffs' request for attorneys' fees and reimbursement of litigation expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the request for attorneys' fees and reimbursement of litigation expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of 33 and 1/3% of the Settlement Fund (the "Fee Award") and $978,116.75 in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. One half of the Fee Award and all reimbursable litigation expenses shall be payable to Lead Counsel immediately upon entry of this Order. The remainder of the Fee Award shall be payable to Lead Counsel upon this Court's entry of an order granting Lead Plaintiffs' forthcoming motion for distribution of the Settlement Fund.

5. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a) The Settlement has created a common fund of $31,900,000 that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b) The fee sought has been reviewed and approved by Lead Plaintiffs, sophisticated institutional investors that oversaw the Action and have a substantial interest in ensuring that any attorneys' fees paid are duly earned and not excessive;

c) No objections to the fee request have been made by Class Members;

d) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

e) The Action involves complex legal and factual issues and was actively prosecuted for nearly three years, and in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex legal and factual issues;

f) Had Lead Counsel not achieved the Settlement, a significant risk would remain that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from the Defendants;

g) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

h) Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

i) The amounts of attorneys' fees and expenses reimbursed from the Settlement Fund are fair and reasonable.

6. Any appeal or any challenge affecting this Court's approval regarding attorneys' fees and reimbursing Litigation Expenses shall in no way disturb or affect the finality of the Judgment and shall not affect or delay the Effective Date of the Settlement.

7. Exclusive jurisdiction is hereby retained over the parties and Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8. In the event the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 18th day of February, 2022.

_____
The Honorable Denise Cote
United States District Judge